IN THE

# SUPREME COURT

OF

# MINNESOTA.

## APRIL TERM, 1873..

CYRUS H. McCORMICK, *et al.*

*vs.*

### CHARLES F. MILLER.

Where a referee upon a trial before him, at the close of the plaintiff's testimony, on motion of the defendant, dismisses the action for want of evidence, such dismissal is a decision that as a matter of law, there was no evidence tending to support the plaintiff's cause of action, or that the evidence taken together so conclusively disproves the cause of action, that a finding to the contrary could not be legally sustained.

Where a witness for a party testifies in chief to a particular transaction, the adverse party on his cross-examination may elicit any facts of such transaction, which constitute part of the *res gestae*; *e. g.* where a plaintiff's witness testified in relation to the sale and delivery of a reaper, the defendant upon cross-examination of the witness may show that certain notes were given, and introduce said notes as part of the cross-examination.

Where a question is put to a witness on cross-examination which is erroneous because the time embraced in the inquiry is too general, but the answer of the witness is restricted to the proper time, and is otherwise proper evidence, the erroneous form of this question is no gronnd for a new trial.

This action was commenced in the district court for Dakota county, to recover the purchase price of a reaper, and was afterwards transferred by stipulation to the district court for Ramsey county. The principal issue between the parties was as to whether the reaper was sold to the defendant, or one Andrew Jordan, between whom and John Rhodes, one of the agents of the plaintiffs, the transaction in regard to the sale took place. The action was tried before a referee. At the close of plaintiffs' testimony, which is too voluminous to be given here, on motion of the defendant the referee dismissed the action, upon the ground that the testimony failed to show a sale of the machine to defendant. The plaintiffs made a motion before the court to set aside the report of the referee and for a new trial, upon the grounds : first, that the report is not justified by the evidence, and is contrary to law ; and second, errors in law occurring at the trial and excepted to by the plaintiffs.

The court denied the motion, and the plaintiffs appeal from the order denying the same to this court. In regard to exceptions taken at the trial the case is sufficiently stated in the opinion of the court.

E. C. PALMER, for Appellants.

I. The referee erred in dismissing the cause "for want of evidence."

*a.* The evidence was ample to sustain a decision for the appellants.

*b.* Admitting that the testimony was properly received, there is contradictory and conflicting evidence which cannot be determined on a motion to dismiss.

*c.* The referee was bound to decide the motion on the same ground that he would have done had there been a jury, and if there was any evidence for a jury to consider, the motion should have been denied. *Schman vs. Kellerman,* 65 *Penn. St.* 489; *Imhoff vs. The Chicago & Mil. R. R, Co.* 22 *Wis.* 681; *Shay vs. Richmond R. R. Co.* 1 *Bush.* (*Ky.*) 108; *Dyson vs. Rickham,* 35 *Ga.* 132; *McKee vs. Green,* 31 *Cal.* 418; *Page vs. Parker,* 43 *N. H.* 363; *Beldin vs. Smith,* 7 *Wis.* 439; *Crawford vs. Baden,* 6 *Clark,* (*Ia.*) 476; *Ellis vs. Ohio Life Ins. Co.* 4 *Ohio St.* 628; *Sheridan vs. Brooklyn R. R. Co.* 36 *N. Y.* 39; *McConnell vs. Miller,* 47 *N. Y.* 313.

II. The referee erred in admitting the two notes, and in allowing the question as to payments.

III. The cross-examination of Jordan to show the terms upon which he rented Miller's farm was improperly allowed.

IV. The referee erred in allowing the witness Jordan to state his version of what occurred between him and the Messrs. Rhodes, at the time the reaper was obtained. The direct examination offered no basis for such latitude.

V. It was gross error to allow the question, "What had Miller ever told you about going to Hastings and purchasing a reaper?" on cross-examination of witness Jordan.

Davis & O'Brien, for Respondent.

*By the Court.*—McMillan, J.—The complaint alleges in due form, that the plaintiffs, partners, on or about the 25th of July, 1868, at the request of defendant, sold and delivered to him one four horse reaper of the value of two hundred and five dollars; that said sum has long since been due, and defen-

dant refuses and neglects to pay the same. The defendant for answer, among other things "denies that the plaintiffs at the time stated in the complaint, or at any other time, sold and delivered to him any reaper."

The cause was referred for trial to George L. Otis, Esq., sole referee. Upon the trial before the referee, the plaintiffs, having introduced their testimony, rested; whereupon the defendant moved to dismiss the action for want of evidence; which motion, after argument, was granted by the referee, and judgment for defendant ordered.

From the report of the referee, which is not set forth in the paper book, but is contained in the return to this court, it appears that the motion to dismiss was granted by the referee upon the ground that the testimony and proofs adduced by the plaintiffs failed to show a sale of the said machine to the defendant, and he could not upon such proof be held liable therefor.

Upon the report of the referee and a case settled before him, the plaintiffs made a motion in the district court to set aside such report, and for a new trial, upon the following grounds: First, that the report is not justified by the evidence, and is contrary to law ; Second, errors in law occurring at the trial, and excepted to by the plaintiffs.

The court, after argument, denied the motion, and plaintiffs appealed to this court from the order denying such motion.

A trial by a referee is to be conducted in the same manner as a trial by the court. *Gen. Stat.*, *ch.* 66, *tit.* 18, *sec.* 231, *p.* 482.

An action may be dismissed by the court, where, upon the trial, and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his claim, or cause of action, or right to recover. *Gen. Stat.*, *ch.* 66, *sec.* 242, *subdiv.* 3, *p.* 484.

In granting the motion to dismiss, the referee must have decided, as matter of law, that there was no evidence tending to· show a sale of the reaper to the defendant, or that the evidence taken together so conclusively established the fact that there was no such sale to the defendant, that a finding to the contrary could not legally be sustained. ·*Scofield v. Hernandez et al.* 47 *N. Y.* 313.

The parties immediately concerned in the transaction in regard to the sale of the reaper in question were John J. Rhodes, agent for the plaintiff, and Andrew Jordan.

Without .entering into a discussion of the evidence in detail, our conclusion is that the evidence at the close of the plain- tiffs' case shows clearly that it was the intention of the parties that the sale of the reaper in question should be to Jordan, and that by the delivery of the ·reaper to him, the property . therein should pass to him only.

It is perhaps to be inferred that Rhodes expected that the defendant Miller would become security for Jordan for the purchase price of the reaper, and sign the notes given by Jordan therefor, but there is nothing to show any such agree- ment on the part of Miller. The action was therefore properly dismissed by the referee upon the evidence submitted.

The reception in evidence of the two notes in connection with the cross-examination of the witness John J. Rhodes, was proper ; they were part of the transaction claimed by the plaintiffs to have constituted a sale of the machine to the defendant. For the same reason the statement given by the witness Jordan, on his cross-examination, as to what occurred between him and Rhodes at the time the reaper was obtained, were properly admitted in evidence.

The witness John J. Rhodes testified, in chief, that the reaper went into Washington county on to lands owned by defendant. The witness Jordan also testified, in chief, that

the reaper was taken to Charles Miller's place; it remained there two years, and that he rented Miller's farm. In view of this testimony, it was certainly proper for the defendant to ask Jordan, on his cross-examination, whether he rented the land for a money rent, or for a share of the crops. The witness Jordan in his examination in chief also testified that he went to Hastings for reapers in 1868; that he went for reapers in July, 1868; "nobody sent me over; the defendant told me to go to Hastings, and if I could not get a reaper, to telegraph back to him; he did not tell me where to go." The defendant upon cross-examination, had a right to inquire as to what Miller told the witness in this conversation about going to Hastings and purchasing a reaper, and if the question was not in form confined to this conversation, the testimony in reference to it, certainly was. The testimony received being proper, although the question was too general as to time, no injury having resulted to the plaintiffs, the erroneous form of the question is not ground for a new trial.

The order denying a new trial is affirmed.