GEORGE VOLMER *vs*. AUGUST STAGERMAN and Wife.

September 18, 1878.

**Extension of time for making case.**—When leave is given to make a case, after the expiration of the time prescribed by Gen. St. c. 66, § 237, (no judgment having been entered,) the effect is to grant further time to make it, as authorized by section 105 of the same chapter.

**Same—Settlement and Allowance.**—Where a proposed case is not served within the time allowed by such order of leave, the failure to make timely service is cured by the actual settlement and allowance of the case.

**Dismissal—Motion for New Trial.**—*McCormick* v. *Miller*, 19 Minn. 443, and *Thompson* v. *Myrick*, 24 Minn. 4, followed upon the point that a dismissal of an action for insufficiency of evidence is a "decision" of the same within the meaning of the statute allowing a motion for a new trial to be made upon the ground that the decision is not justified by the evidence, and is contrary to law.

**Same—Exception to order, when unnecessary.**—To support a motion for a new trial on account of an alleged erroneous dismissal of an action, it is not necessary to except to the order of dismissal in a case in which the order was not granted upon the trial, but after the trial was concluded, and the case taken under advisement.

**Same—Motion made on case.**—Upon the dismissal of an action, a motion for a new trial may properly be made upon a "case settled," as is in effect held in *Searles* v. *Thompson*, 18 Minn. 316.

**Contract to give note and Mortgage.**—The complaint, an abstract of which is given in the opinion, considered, and *held* to state a cause of action which there is evidence in the case to support.

The plaintiff brought this action in the district court for Washington county, in February, 1873, alleging in his complaint that the defendants are husband and wife; that on January 10, 1870, a judgment for $398.70 was duly rendered and docketed in his favor and against the defendant August Stagerman and one Wolf; that no time thereafter have the judgment debtors possessed any property out of which the judgment or any part thereof could have been satisfied; that on July 16, 1870, and while the judgment was in full force, an agreement was made between the plaintiff and the defendant August Stagerman whereby the latter, in consideration that the plaintiff should satisfy his judgment, agreed to pay him $400, in two years and five months from July 16, 1870, with interest at twelve per cent. per annum, payable annually, and to execute and deliver to plaintiff his promissory note as evidence of such debt, and to secure the payment thereof by a mortgage on certain described real estate in Washington county; that thereafter and on July 16, 1870, the defendant August and his wife, the other defendant, in pursuance of the agreement, executed and delivered to plaintiff the mortgage therein required, which was duly recorded; and the defendant

August, at the same time, made a blank note, payable to the order of the plaintiff, and in accordance with the agreement, except that by mistake, inadvertence or fraud, he neglected to sign the same, and delivered such blank note to the plaintiff as a good and genuine note, in accordance with the agreement; that the plaintiff received the note, believing that it had been duly made and executed, and in consideration of the making of the mortgage, and the agreement to pay $400, and the supposed execution of the note, entered satisfaction of the judgment; that afterwards, and on the same day— July 16, 1870—the plaintiff discovered that the note was not signed, and immediately notified the defendant August of the omission, and presented the blank note to him and requested him to sign it; but that he, designing to injure and defraud the plaintiff, has always neglected and refused to sign the same.

The complaint further alleges that on or about December 20, 1872, and at divers times since, the plaintiff demanded payment of the note and interest, but the defendants have not paid any part thereof. The prayer for judgment is that the defendant August Stagerman be required to sign the note, if produced in court, or in default that the same be declared as valid as if signed by him; that the mortgage be declared as good and valid as if the note had been signed, and a lien upon the premises described in the complaint for the sum of $400 and interest at 12 per cent. per annum payable semi-annually acording to the agreement; that the mortgaged premises be sold to satisfy such amount, and the proceeds of the sale be applied in the same manner that the same would have been had the note been signed according to the agreement, and for general relief.

The mortgage, a copy of which forms part of the complaint, is upon condition that the mortgagors "shall well and truly pay or cause to be paid to the said George Volmer, party of the second part, his heirs, executors, administrators or assigns, the sum of $400, according to the conditions of a certain

promissory note bearing even date herewith ;" and it provides that "if default shall be made in the payment of this said sum of money, or the interest or any part thereof, at the time and in the manner hereinbefore specified for the payment thereof," the mortgagee may sell the property, etc., and out of the proceeds of the sale may "retain the principal and interest which shall then be due on the said note, together with all costs and charges, and pay the overplus (if any) to the parties of the first part." The mortgage also contains a covenant on the part of the defendant August Stagerman "to pay or cause to be paid said sum of money above specified, at the time and in the manner above mentioned," together with all costs and expenses, and all taxes on the land.

The defendants in their answer specifically denied every allegation of the complaint except the recovery and satisfaction of the judgment against August Stagerman and Wolf, and pleaded that the premises described in the complaint were their homestead, and had been such for more than five years; that the alleged mortgage was wholly without consideration, and ought not to be enforced; and (as a second defence) that another suit was pending between the parties upon the same cause of action.

At the trial, before *Crosby,* J., the plaintiff introduced evidence tending to prove an oral agreement between himself and August Stagerman that in consideration that he should satisfy the judgment, Stagerman would pay $400 in two years and five months from July 16, 1870, with interest at 12 per cent. per annum, payable annually, and would secure the same by a mortgage upon the premises described in the complaint—nothing being said about a note; that on the next day, July 16, 1870, the parties met at the office of an attorney, to whom the plaintiff stated the agreement, and who thereupon prepared the note and mortgage, and told the defendants that they were to sign the note as it went with the mortgage; that the mortgage was thereupon executed and acknowledged by the defendants, but before the note was

signed the attorney was suddenly called from and left his office; that no note was delivered with the mortgage; that the plaintiff at once took the mortgage to the registry of deeds for record, and there first discovered that he had no note; that he at once sought Stagerman who promised to go with him to the attorney's office and sign the note, but failed to do so; that he had another like note drawn by the same attorney, and presented it to Stagerman for signature, which was refused; that the land belonged to August Stagerman and was his homestead. He also proved the recovery and docketing of his judgment against Stagerman and Wolf; that the sheriff, who was a subscribing witness to the mortgage, had in his hands an execution on the judgment when the mortgage was made. The defendants thereupon moved to dismiss the action, for failure to make out a cause of action, and for want of evidence to sustain the allegations of the complaint. The court reserved its decision on the motion, and the defendant introduced evidence tending to prove that he never agreed to give any note, but did agree, in consideration that plaintiff should enter satisfaction of the judgment, to give a mortgage for $400 on the lands described in the complaint, to become due December 13, 1872, but that nothing was said about interest.

The case was taken under advisement by the court, and afterwards, on September 15, 1874, an order was made dismissing the action. Subsequent proceedings in the district court, resulting in an order granting a new trial, are detailed in the opinion. From that order the defendants appealed to this court. The appeal was argued, and on March 9, 1878, the order granting a new trial was reversed. (24 Minn. 434.) The plaintiff thereupon moved for a reargument.

*E. C. Palmer*, for appellants.

No agreement to execute the note set up in the complaint was proved, nor, if proved, could a court of equity interfere to enforce it. *Governor* v. *Petch*, 28 Eng. L. & Eq. 470; *Irwin* v. *Hubbard*, 49 Ind. 350; *Washington Ice Co.* v. *Webster*,

62 Me. 341; *Morton* v. *Dean*, 13 Met. 385; *Guernsey* v. *American Ins. Co.*, 17 Minn. 104; *Morrill* v. *Tehama, etc. Co.*, 10 Nev. 125; *Lang* v. *Henry*, 54 N. H. 57; *Walker* v. *Paine*, 31 Barb. 213; *Botsford* v. *McLean*, 42 Barb. 445; Fry on Sp. Perf. *c.* 14.

A party can have such relief only as is consistent with his complaint. Gen. St. *c.* 66, § 246. It is not alleged that the mortgage is not in the exact terms agreed upon. The evidence shows no defect in it, and fails to prove the cause of action as alleged. That cause of action rests on four material allegations of fact: (1) that the defendant August Stagerman promised to execute a note for $400; (2) that such note should run two years and four months; (3) that it should draw interest at 12 per cent. per annum; and (4) that both defendants should execute a mortgage on their homestead to secure that note. The testimony only shows the execution of the mortgage. The plaintiff wholly failed to prove any agreement to give the note—has wholly failed to prove the contract which he seeks specifically to enforce, and he cannot have a different contract enforced against defendants' objection.

The agreement alleged in the complaint, even if proved, would not sustain the action. *Follett* v. *Heath*, 15 Wis. 665. The alleged contract, which is the foundation of the suit, was verbal, and was not to be performed within a year, and is within the Statute of Frauds. Gen. St. *c.* 41, § 6. The alleged mortgage is not such a note or memorandum as the statute requires, nor is the action based on it. Standing alone, it is but a part of the alleged contract. It is incomplete, uncertain, referring to some note for indispensable stipulations and data, without which it cannot be determined when the defendants are or can be in default; it does not disclose a debt from defendants to plaintiff, nor contain any absolute promise to pay money. The covenant is to pay according to the conditions of a certain promissory note. If there is no note, nor a valid agreement to give one, there is no debt to sustain the mortgage which is but an incident, no

promise to pay as to which there can be a default, and the instrument cannot serve as a basis for a foreclosure or judgment. This instrument being thus incomplete and uncertain, not constituting a contract, the complaint attempts to supply the other facts necessary to constitute a good cause of action, and if these are insufficient, or are not proved, or not provable under the statute, the action must fail. *Carr* v. *Fielden*, 18 Ill. 81; *Lucas* v. *Harris*, 20 Ill. 165; *Bennett* v. *Taylor*, 5 Cal. 502.

The complaint shows that there was no consideration for the alleged promise. *Davidson* v. *King*, 51 Ind. 224. The discharge of a judgment, drawing but seven per cent. interest, and which could not be collected, is not a consideration for a promise to pay the amount of the judgment, still less for a promise to pay the amount with interest at 12 per cent., to give a note as evidence of such promise, and to mortgage the defendants' exempt property to secure payment. The defendant August Stagerman was to receive no benefit whatever from the agreement. It would necessarily entail loss and damage on him. The plaintiff was to part with nothing, and to gain the excess of interest and security on exempt property. The promise, if made, was *nudum pactum*.

The mortgage is not enforceable against the wife. Only a mortgage "lawfully obtained" can be enforced against a homestead; and to meet this requirement, it must not only be free from fraud and executed in due form, but it must be a valid and complete instrument, and founded on a valid consideration. To such an instrument the signature of the wife is sufficient; but an instrument which needs to be supplemented by outside facts, which requires compulsory execution of another contract, before it expresses the intention of the parties or can be foreclosed in any manner, cannot be considered a mortgage lawfully obtained; for in such case the wife's signature, without which any mortgage of the homestead is void, does not reach the whole contract to which the homestead is sought to be subjected. The homestead cannot

be sold for a debt of the husband (except for purchase-money) unless the instrument creating the lien, and which requires the wife's signature to make it valid, shows on its face or by reference to some other written instrument, the whole extent of the peril to which the homestead may be exposed. Her signature to the mortgage can give no effect to a void verbal promise of her husband, nor estop her from resisting a sale of her home in fulfilment of such promise.

The plaintiff is not without remedy. Since the contract under which, as he claims, he satisfied his judgment, is of no effect, and is not even proved to have been made, he may have the satisfaction of his judgment set aside, and be placed in the same position he held when the alleged contract was made. His judgment would be as good as it was before he entered satisfaction.

*James N. Castle*, for respondent.

While there might be a question as to what relief the plaintiff was entitled to, he was certainly entitled either to have the mortgage corrected so as to provide (in accordance with Stagerman's admission) for the payment of $400 on December 13, 1872, without interest, and to a foreclosure of such mortgage; or if it be found, in accordance with the plaintiff's testimony, that the mortgage debt was to draw 12 per cent. interest, then to a reformation of the mortgage in accordance with such agreement, and to a foreclosure of it as reformed. 1 Story Eq. Jur. §§ 153–6; Fry on Sp. Perf. § 500. Stagerman, by the mortgage itself, and by his promise after plaintiff discovered the omission to give the note, admits that a note was to be given.

The statute of frauds does not apply. The contract was at least attempted to be executed, and was executed, at the time the consideration was received. The defendants admit the debt in their mortgage and agree to pay it, and admit that the mortgage was given to secure the debt. The note was not the debt, would not have created it, if given, but would be merely evidence of it.

v.25m—16

The satisfaction of a judgment is a sufficient consideration for a payment, or a promise to pay the amount of it, and to give a mortgage therefor.

That the wife signed and acknowledged the mortgage is not denied, and it was "lawfully obtained." Any benefit accruing to a promisor, or any loss, trouble or disadvantage suffered by, or charge imposed upon, the promisee, is a sufficient consideration to sustain the promise. *Williamson* v. *Clements*, 1 Taunt. 523; *Willatts* v. *Kennedy*, 8 Bing. 5; *Bainbridge* v. *Firmstone*, 8 Ad. & El. 743; *Hubbard* v. *Coolidge*, 1 Met. 84, 93; *Hind* v. *Holdship*, 2 Watts, 104. An existing liability or forbearance of suits or legal proceedings is a good consideration; *Baily* v. *Bussing*, 29 Conn. 1; and it is not necessary that the party promising should be interested. *Maud* v. *Waterhouse*, 2 C. & P. 579; *Smith* v. *Algar*, 1 B. & Ad. 603; *Emmett* v. *Kearns*, 5 Bing. N. C. 559; *Hubbard* v. *Coolidge*, 1 Met. 84, 93. The wife claims nothing on the ground of fraud, imposition or mistake.

BERRY, J. In this case, the plaintiff's counsel moves for a reargument, upon the ground that, in the opinion heretofore filed herein, this court fell into an error of fact as respected a certain blank note. Upon further examination of the complaint, we have come to the conclusion that the counsel is right, and that the court erred in holding that allegations of the complaint relating to the blank note were essential parts of the plaintiff's cause of action, and in overlooking the fact that, irrespective of these allegations, the complaint, as will hereafter appear, states a good cause of action. The reargument is therefore allowed, and this requires us to consider several preliminary points urged by defendants, to which, in the disposition before made of the case, it was unnecessary to advert.

This action, having been tried by the court below without a jury, was dismissed on September 15, 1874. On November 23, 1874, a reargument was applied for by the plaintiff, and

denied. Subsequently the plaintiff made a motion for judgment notwithstanding the findings of the court, and, failing in that, for leave to make and serve a case to be made a basis for a motion for a new trial. This motion was heard May 25, 1875, and on November 19, 1875, the court made an order denying the motion for judgment, and granting leave to plaintiff to make and serve a case in sixty days. The sixty days expired January 18, 1876. On that day, plaintiff's attorney deposited the proposed case in the post-office at the place where he resided, properly addressed to defendants' attorney, with the postage paid. The document did not leave the post-office where it was mailed until January 19th, on which day it reached the defendants' attorney, and was by him returned, with notice that it was returned because it was not served within sixty days from November 19th. The proposed case having been brought before the district judge for settlement and allowance, the defendants' counsel objected, upon the ground that it was not served within the time allowed by the court. The objection was overruled, and the proposed case, with an amendment showing an exception taken by defendants, was allowed as the settled case. The order of allowance was signed by the judge, but the case, as allowed and settled, was not signed by him, otherwise than by the signing the said order. The plaintiff thereupon made a motion for a new trial in the action, upon the ground, *first*, "that the verdict and decision therein was not justified by the evidence and is contrary to law, and, *second*, for errors in law occurring at the trial, and excepted to by plaintiffs." In his notice of motion for a new trial, the plaintiff's attorney gives notice that, upon the hearing, he will read and refer to the settled case, the pleadings, and all the records, papers and proceedings in the case. It does not appear that any objection was made by the defendants to the use of the settled case, (such as it was,) upon the hearing of the motion. The court granted a new trial, reciting, in the order therefor, that it was granted " after an exam-

ination of the settled case, and all the papers and proceedings. in the case, and after hearing" the respective attorneys of the plaintiff and defendants.

The defendants contend that the order denying a new trial was wrong, because the denial of the motion for a reargument was a final disposition of the case by the court below; that it was equivalent to a denial of a motion for a new trial made on the minutes of the court. Without reference to other answers to this position, it is sufficient that, though it does not appear upon what ground the motion for reargment was denied, it might very properly have been denied upon the ground that a motion for a reargument is an unheard of thing in district courts, and ought not to be tolerated, since there are other ways provided by law and sanctioned by common practice, for the re-examination and revisal of the actions. of such courts.

It is further argued that the order granting a new trial was wrong, because, "the motion for judgment notwithstanding the decision having been denied, the matter was *res adjudicata.*" As to this it is enough to say that the motion was in the alternative—that is, for judgment, or for leave to make a case—and for aught that appears, the court (as would have been entirely proper) may have denied the former branch of the motion, for the reason that it granted the latter.

It is further objected that the motion for leave to make a. case was made too late. It was not made within the time prescribed in Gen. St. *c.* 66, § 237; but the effect of the leave given to make it after such prescribed time (no judgment having been entered) was to grant further time to make it; and this is authorized by Gen. St. *c.* 66, § 105. It is also said that the proposed case was not served within sixty days allowed by the order of leave. If it was not, the failure to. make timely service was cured by the actual settlement and allowance of the case by the court. This was equivalent to an allowance of service after time, or to an enlargement of the time of service, under Gen. St. *c.* 66, § 105.

It is further urged that no "case" was allowed and signed by the trial judge, as required by Gen. St. c. 66, § 237. The return embraces what purports to be a copy of a proposed case, containing all the testimony received on the trial. It also embraces a copy of an order signed by the judge of the court below, in these words, viz.: "It is further ordered that copies of the complaint, answer and order of the court dismissing said action be attached to said proposed case, and made a part thereof, and that said proposed case so amended be allowed and stand as the settled case in said action." The return further shows that, upon some document treated as a settled case, a motion for a new trial was heard and granted by the court below. Upon these facts, we are of opinion that, as nothing appears to the contrary, it is to be presumed in favor of the regularity of the proceedings in the court below that the order signed by the judge is attached to the proposed case, so that the two are parts of one and the same document. If this is so, the allowance expressed in the order, and the judge's signature thereto, are a sufficient allowance and signing of the case. *McCormick* v. *Miller*, 19 Minn. 443, and *Thompson* v. *Myrick*, 24 Minn. 4, are authorities that a dismissal of an action for insufficiency of evidence is a "decision" of the same, within the meaning of the statute which allows a motion for a new trial to be made upon the ground that the decision is not justified by the evidence, and is contrary to law.

To the point that the order of dismissal could not be re-examined because it had not been excepted to, it is an answer that this case was one in which no exception was requisite, because there was no opportunity to take one; for an exception is an objection taken at the trial, (Gen. St. c. 66, § 233,) and the order of dismissal in this case was not granted at the trial, but after it was concluded, and the court had taken the case under advisement. As to the only remaining objection which we care to notice, *Searles* v. *Thomp-*

*son*, 18 Minn. 316, in effect decides that, upon the dismissal of an action, a motion for a new trial may properly be made upon a "case settled."

We come now to the merits of this appeal. So far as important to our present purpose, the substance of the complaint is this : It alleges that the defendants are, and during all the time mentioned in the complaint were, husband and wife; that on January 10, 1870, the plaintiff recovered a judgment against defendant August, for $398.78; that on July 16, 1870, the judgment being in full force, and no part of it having been paid, plaintiff and said August entered into an agreement whereby the latter, in consideration that the plaintiff would satisfy the judgment, agreed to pay him $400 in two years and five months from said July 16th, with 12 per cent. annual interest, and also agreed to execute and deliver to said plaintiff his promissory note of that date, for $400, payable according to the terms of the agreement, and to secure the payment of said note by a mortgage of eighty acres of land, described in the complaint; that on the said 16th day of July, in pursuance of the agreement, the defendants (August and his wife) executed and delivered to plaintiff their mortgage of said land, which was duly recorded, but that, through neglect, inadvertence or fraud, said August failed to execute the note agreed upon, which was made out at the time ready for his signature; that, under the belief that the mortgage and note had both been executed pursuant to agreement, the plaintiff, in fulfilment thereof upon his part, satisfied the judgment of record; that upon discovering that the note had not been signed, the plaintiff presented it to said August, requesting him to sign it, which he refused and neglected to do; and that, though at divers times on or about and since December 20, 1872, the plaintiff has demanded of said August payment of said sum of $400, and the interest thereon, said August has wholly neglected and refused to pay the same, or any part thereof. So far as these allegations of the complaint are put in issue by the answer, there is evidence

in the case to support all of them, so far as they are substantiall, essential to a cause of action. There is, as we held in our former opinion in this case, a failure of evidence to establish in all particulars the allegations of the complaint in respect to what is called "the blank note." But, as before stated, we were in error in holding that such particulars were essential to the plaintiff's cause of action. As respects the matter of the note, it would be sufficient, both as regards pleading and proof, that there was an agreement to execute one; that, through neglect, inadvertence or fraud, it failed to be executed; that, upon proper request, the defendant August neglected or refused to execute it. Upon establishing such a state of facts, in addition to the other material allegations of the complaint, we are of opinio1 that the plaintiff would be entitled to relief in the way of a foreclosure of his mortgage, and without any specific performance of the agreement to execute the note. The counsel for the defendants has made several points with reference to the merits of the case, but, without having overlooked them, we do not deem it necessary to advert to them, except so far as their consideration is involved in what we have already said. We are of opinion that, upon a re-examination of the pleadings and evidence, the court below was warranted in granting a new trial, upon the ground that its dismissal of the action was not justified by the evidence, and was contrary to law.

The order granting a new trial is accordingly affirmed.