O. C. MERRIMAN and others *vs.* ELI B. AMES and another,
Administrators.

March 2, 1880.

**Dismissal at Trial for Failure of Proof.**—If, upon giving to the plaintiff
the benefit of every reasonable inference from the evidence, there is still
a total want of proof upon a material averment in his complaint, denied
in the answer, it is the duty of the court to dismiss the action. It is not
error in such a case, of which the defendant can complain, for the court
to refuse a motion to dismiss at the close of plaintiff's testimony, and
then to grant it after the evidence is all in ; and this is so whether the
trial is with or without a jury.

**Appeal—Refusal to allow Recall of Witness.**—A ruling of court upon a
request to recall a witness for re-examintion, upon a matter already
testified to by him, is not a subject for review where no abuse of dis-
cretion is shown.

Plaintiffs presented to the proper commissioners a claim for
a balance alleged to be due them from the defendants' intes-
tate, Levi Butler, under an alleged wood contract. The
claim was disallowed, and the plaintiffs thereupon appealed
to the district court for Hennepin county, where a jury was
waived, and the action tried before *Young*, J., who, at the
close of plaintiffs' evidence, granted defendants' motion for a
dismissal for failure of proof. A new trial was denied, and
the plaintiffs appealed.

*H. P. Herring*, for appellants.

*Woods & Babcock* and *H. G. O. Morrison*, for respondents.

CORNELL, J. If this case had been tried by a jury, and a
verdict rendered against the defendants, it could not be sus-
tained upon the evidence before us, though the benefit of
every reasonable inference deducible therefrom should be
given to the plaintiffs. Admitting the existence of a contract
between the decedent and the plaintiffs in respect to the
wood, none of its terms or conditions are shown, nor can
they be reasonably inferred from anything contained in the
evidence. For a total want of evidence upon this material
point, the dismissal of the action was right, and it is, there-

fore, needless to inquire whether, in determining a motion for the dismissal of an action for want of sufficient evidence, the same rule obtains, whether the issues of fact are being tried by a jury, or by the court without a jury.

The refusal to allow the witness Butler to be recalled, for the purpose of proving an alleged admission to him by the decedent, "that he had made the contract for the wood with the plaintiffs, at the price stated," was not error. The witness had already been fully examined upon that subject, and had testified "that he knew nothing further than what he had already stated with regard to any contract between the parties concerning the wood." No oversight of counsel, nor misrecollection or forgetfulness of witness, was suggested as a reason for recalling him. The application was addressed solely to the discretion of the court, and its refusal, under the circumstances, was clearly not an abuse of discretion

Order affirmed.