### HAMMERGEN v. SCHURMEIER and others.

*(Circuit Court, D. Minnesota. ———, 1880.)*

1. NONSUIT—JUDGMENT.—An involuntary nonsuit does not constitute a judgment on the merits.

Motion for judgment for defendant on the pleadings.

MILLER, C. J. This motion is founded on the idea that the former adjudication in the state court was on the merits of the case, and, therefore, a bar to the action. The case was,

and is now, an action for personal injuries. It was submitted to the state court, the jury sworn, the proof submitted to the jury, and when the plaintiff got through with his \* \* \* \* evidence the defendant moved the court to dismiss the action because the plaintiff had not made out a sufficient case, and the record states that the judge, for that reason, dismissed it. Now, that is an ordinary case of nonsuit. Nonsuit is voluntary or involuntary. Voluntary nonsuit is where a party submits to the court and says, "I have not made out a case," and asks that it be dismissed; involuntary nonsuit is just this case: when the case is before the jury, and the plaintiff having introduced all of his evidence, the defendants say, "It is not sufficient to go to the jury, and we ask for a nonsuit," and the court says, "You shall have it." All such cases, from time immemorial, have been considered as not being judgments on the merits. The court says: "As far as you have gone you have not made out a case. That does not say that you cannot go any further some other time, and taking the facts you cannot make a case, but says up to this time you have not made out a case; you have not made a case which requires that judgment on the merits should be rendered; you simply have not made a case up to the present time." General Cole says, in this particular case the judge of the state court based the decision on the ground that the plaintiff has himself shown by his testimony that he was in fault, and that he was guilty of some contributory negligence, and he cannot recover if that has been shown on the trial, and that had been so found by the jury. If he had gone to the jury, and the court had so instructed the jury, it would have been a trial on the merits. But the only way that we find this is in the opinion of the court. That opinion, in my judgment, is no part of the record. I doubt very much whether that opinion can be produced in this case—that is, to show it to the jury. I don't wish to preclude the question, but I don't see how you can produce that as a decision on the merits. Defendants say that the plaintiff had shown his own contributory negligence. It is very obvious that contributory negligence is a defence. That has been decided

over and over, and it was no part of the plaintiff's case. It was part of the defendants' case. If there was any proof of it he must have drawn it out by cross-examination in some way. I have no doubt but that the plaintiff in this case had a right to go to the jury on the question of contributory negligence, but the judge took it away from them. There was no trial on the merits, and, therefore, no bar to the action.

Motion for judgment on the pleadings is overruled.