/ JAMESON v. UNITED STATES FARM LAND CO.

(Circuit Court of Appeals, Eighth Circuit. January 28, 1914.)

No. 3899.

BROKERS (§ 49*)—COMPENSATION—FAILURE TO COMPLETE CONTRACT.

A contract by which defendant employed plaintiff to procure S. to undertake the sale of 108,000 acres of land for more than $3,000,000 to numerous separate purchasers of separate tracts, to be made during many months of time, provided that if defendant made a sale or sales contract with S. at a price of $35 an acre plaintiff would be paid a commission of 5 per cent. and a further sum of $25,000, conditioned, however, upon the fulfillment of the contract by S., it being thereby agreed that the commission was not earned, due, or payable except upon the fulfillment of the contract by S., the contract further providing that when defendant had received the net sum of $300,000 there was earned and would be paid plaintiff $20,000, and that a like sum would be earned and paid when each additional sum of $300,000 had been received by defendant. *Held*, that the purpose of the second condition was not merely to fix the time of payment of the commission, but that its chief object was to fix the amount of commission that would be earned under various circumstances, and thereby the damages which plaintiff could recover if a contract was made with S., but not performed by him; and hence, defendant having expressly conditioned its liability for a commission upon the fulfillment by S. of a sale or sales contract and the receipt by defendant of the sums specified, there could be no recovery where no contract with S. was ever made, conceding that ordinarily a broker may recover, though no legally binding contract has been made between the customer and his principal, if their minds meet on the substantial terms of the contract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*

Compensation of broker as dependent on ability or willingness of purchaser to perform contract, see note to Robertson v. Allen, 107 C. C. A. 265.]

On motion for rehearing. Denied.
For former opinion, see 206 Fed. 889, 124 C. C. A. 549.

PER CURIAM. The opinion in this case, which may be found in 206 Fed. 889, 124 C. C. A. 549, states the facts which condition the decision. The motion for a rehearing insists that the plaintiff should have been entitled to go to the jury because (1) it is an implied term of an ordinary contract between a broker and his principal that if the

broker procures a customer able, ready, and willing to perform the contract tendered by the principal, and the latter fails or refuses to make· or perform it on his part the broker is entitled to recover, and that there was substantial evidence in this case that the plaintiff procured such a customer, but the defendant refused to make the contract it had offered, and (2) that it is not indispensable to a recovery by the broker for such a breach that a contract legally binding be made between the customer and the principal, but it is sufficient that their minds meet on the substantial terms of their contract, and that the principal arbitrarily or capriciously refuses to make or prevent the making of the proposed contract, and that the record in this case presents substantial evidence of such a case.

Conceding the law to be as stated, there are nevertheless reasons which seem to us sound why the evidence in this case was insufficient to sustain a verdict ·in favor of this broker. . In the first place his agreement with the defendant was not the ordinary broker's contract for a commission on the proposed sale or contract, but it was a unique agreement, in that it expressly provided in writing in the defendant's letter of September 21, 1911, when and on what conditions only the plaintiff's commission should be earned and paid.

. "We hereby agree to give you," reads the accepted offer of the defendant, "in event of our making a sale, or sales contract, with M. W. Savage, of Minneapolis, at a price of thirty-five ($35) dollars per acre, a commission of five (5%) per cent., and a further sum of twenty-five thousand ($25,000) dollars, conditioned, however, upon the fulfillment of the contract by Mr. Savage; it being hereby agreed that the commission is not earned, due, or payable except upon the fulfillment .of the contract by· Mr. Savage. When we have received the net sum of three hundred thousand ($300,000) dollars in cash from Mr. Savage's sales, there is earned, and will be paid to you, the sum of twenty thousand ($20,000) dollars. and a like sum will be earned and paid when a further sum of three hundred thousand ($300,000) dollars has been received by us, and so on, until you have received your full commission."

The purpose of the second condition in this contract was not merely to fix the time of payment of the commission to be earned; its chief object was to fix the amount of the commission that would be earned under various circumstances and thereby the damages which the plaintiff could recover if the defendant made the contract with Savage, but the latter did not completely perform it. The proposed agreement with .Savage related to the sales of 108,000 acres of land for more than $3,000,000, to numerous separate purchasers of separate tracts, to be made during many months of time. Without this condition the plaintiff's damages would have been uncertain and speculative in case of Savage's partial failure to perform the contract, for who could have determined in such a contingency how many acres he would have sold if he had not failed to sell. It was to avoid this uncertainty that the defendant expressly conditioned its liability to the plaintiff for a commission upon the fulfillment by Savage of a sale or sales contract with him, and the receipt by the defendant from Savage's sales of the net sums in cash specified in the contract, conditions of the fulfillment of which there is no evidence in this record.

. Moreover, a second examination .and consideration in the light of

the law and the ingenious and powerful argument of counsel of the
evidence upon the question whether or not the substantial terms of the
proposed agreement between Savage and the defendant were ever
agreed to by them has but confirmed our minds in the view that there
is not in the record such substantial evidence that their minds met upon
the vital terms relating to the interest to be paid by Savage and the
percentage of cash and the manner of paying it as required the court to
submit this case to the jury. The motion for a rehearing must accord-
ingly be denied; and it is so ordered.