### UNITED STATES FARM LAND CO. v. JAMESON.

(Circuit Court of Appeals, Eighth Circuit. October 8, 1917.)

No. 4876.

JUDGMENT ⬥570(5)—RES JUDICATA—JUDGMENT OF DISMISSAL.

Under Gen. St. Minn. 1913, § 7825, which provides that "an action may be dismissed without a final determination of its merits * * * (3) by the court where, upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his cause of action or right to recover," and the established rule of practice thereunder in Minnesota, which by the conformity statute is made the rule of the federal courts in that state, an order of dismissal, without more, made on motion of defendant and over the objection of plaintiff, is not a final determination of the merits, and does not bar a second action; but a judgment entered by the court on a verdict for the defendant directed by the court, on the motion of defendant made at the proper time, determines the merits, and is a bar to a second action. At the close of plaintiff's evidence in the case defendant moved for a dismissal on the merits, which motion was opposed, and the court entered an order "that this action be and the same is hereby dismissed." Plaintiff brought error, and the case was contested in the appellate court and affirmed. *Held*, that the order made, under the statute and practice and as presumably intended by the court, did not determine the merits nor bar a second action; that defendant not having sought its modification, but, on the contrary, having defended it through the appellate court, was bound by it as to its legal effect, and was not entitled to an injunction to restrain a second action against it on the same cause of action.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Suit in equity by the United States Farm Land Company against A. Y. Jameson. Decree for defendant, and complainant appeals. Affirmed.

O'Brien, Young & Stone, of St. Paul, Minn. (E. T. Young, of St. Paul, Minn., on the brief), for appellant.

M. H. Boutelle and A. M. Higgins, both of Minneapolis, Minn., for appellee.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

SANBORN, Circuit Judge. This appeal challenges a decree of dismissal of a suit to enjoin the defendant, A. Y. Jameson, from prosecuting an action he brought against the United States Farm Land Company, a corporation, in the state of Arizona on September 16, 1915, on the same cause of action which he litigated in the action he brought against that company in Minnesota on January 24, 1912. The cause of action in each case is for the recovery of $214,000 for the breach of a contract. The Minnesota case was tried to a jury in the court below. After Mr. Jameson had introduced all his evidence and had rested, the Land Company made a motion to dismiss the action on the merits, and on May 22, 1912, the court ordered "that this action be, and the same is hereby, dismissed." A writ of error was sued out to reverse that judgment, it was affirmed on July 10, 1913 (Jameson v. United States Farm Land Co., 206 Fed. 889, 124 C. C. A. 549), and the petition for a rehearing was denied on January 28, 1914 (210 Fed. 885, 127 C. C. A. 495). The theory of the suit now in hand for the injunction is that the judgment of dismissal was a final determination of the merits of the first action, which rendered the issues therein res adjudicata and constituted a bar to the prosecution by Jameson of another action for the same cause, that the action he has brought in Arizona is in defiance and derogation of that judgment, and that the court below should issue its injunction against the prosecution by Jameson of his second action, in aid and enforcement of its judgment of dismissal of his first action.

According to the statutes of Minnesota and the rules of practice and proceeding in actions at law in the courts of that state, which prevail in such actions in the federal court below under the act of conformity (Revised Statutes, § 914 [3 U. S. Comp. Stat. 1916, § 1537]), the settled rule is that a judgment of dismissal on the motion of the defendant at the close of the plaintiff's evidence, against the latter's objection or protest, does not constitute a bar to another action by the plaintiff against the same defendant for the same cause, although a judgment of dismissal on a verdict for the defendant, directed by the court on the motion of the defendant made at the proper time, constitutes such a bar. General Statutes of Minnesota 1913, § 7825; Craver v. Christian, 34 Minn. 397, 398, 26 N. W. 8; Andrews v. School District No. 4, 35 Minn. 70, 71, 27 N. W. 303; McCune v. Eaton, 77 Minn. 404,

80 N. W. 355; Woods v. Lindvall, 48 Fed. 62, 70, 1 C. C. A. 37, 45; Hammergen v. Schurmeier (C. C.) 3 Fed. 77, 78, 79; Oscanyan v. Arms Co., 103 U. S. 261, 264, 26 L. Ed. 539; Board of Com'rs v. Home Savings Bank, 200 Fed. 28, 35, 118 C. C. A. 256, 263.

At the close of Mr. Jameson's evidence in the first action, therefore, the Land Company had the option to move, at the proper time, for a directed verdict and the consequent bar of a second action for the same cause, or for a dismissal and the consequent judgment thereon that would not constitute such a bar. It moved for a dismissal on the merits. If that motion was not the equivalent of a motion for a directed verdict at the proper time, the Land Company then elected to take a judgment that would not be a bar to a second action for the same cause. If, as is now asserted, that motion was the equivalent of a motion for a directed verdict, it imposed upon the trial court the duty to decide whether a judgment that should constitute a bar, or a judgment which should not constitute a bar, to another action, should be rendered upon the motion, and it decided, and entered neither a judgment on a directed verdict nor a judgment of dismissal on the merits, but its order was simply "that this action be and the same is hereby dismissed."

Through many years of practice as a lawyer in the courts of Minnesota, and many years of honorable service on the bench of the court below, the learned judge who made that order was perfectly familiar with the difference in the effect upon the second action for the same cause of this judgment of dismissal without more and a judgment of dismissal on a directed verdict, and there can be no doubt that he intended that the dismissal he ordered should not bar a second action. It is certain that by its terms the judgment he entered did not do so, and the Land Company, if reasonably diligent, could not have failed to know that fact, for it had moved for a dismissal "on the merits," and the court had refused such a dismissal, and had granted a mere dismissal without more, which, in its legal effect, did not bar another action for the same cause. Nevertheless the Land Company took no exception to the order or judgment. It made no motion to modify its form or effect. It sued out no writ of error to reverse or modify it; but from the day of its entry, on May 22, 1912, it strove through this court and the Supreme Court to sustain it as it was written until it had been finally affirmed. Thereafter, on March 21, 1916, for the first time, by the commencement of this suit for an injunction against the maintenance of a second action, it sought to transform that judgment of dismissal, which does not bar a second action, into a final determination of the issues of that action, which should have that effect. If there was any mistake or error of the court in the rendition of the judgment in question, the failure to move to modify it and to except to its entry, or to challenge it by writ of error, or otherwise, for nearly four years, discloses a striking lack of reasonable diligence on the part of the Land Company. If, on the other hand, as the presumption is, and as the court is confident the fact is, the court below, without mistake or misunderstanding, thoughtfully considered the motion of the Land Company and deliberately decided that it would not render a judgment

which should be a bar to another action for the same cause, and deliberately rendered a judgment of dismissal, which does not do so, there is no ground for the issuance of the injunction. In either case there is no equity in the bill of the complainant, and it was rightly dismissed.

The court has thoughtfully considered the arguments of counsel that the second action upon the same cause cannot be maintained under the statute and practice in Minnesota, because the merits of the case were involved, considered, and decided on the motion to dismiss the first action, and the authorities cited to the effect that a judgment of dismissal on a stipulation of the parties that such a judgment on the merits shall be rendered conclusively determines the issues presented by the pleadings in the action (Cameron v. Chicago, M. & St. P. Ry. Co., 51 Minn. 153, 158, 53 N. W. 199); that a judgment of dismissal, based on the pleadings, the trial of the cause, and upon the findings of fact and conclusions of law, is a judgment on the merits (Winnebago Paper Mills v. Northwestern Printing & Publishing Co., 61 Minn. 373, 63 N. W. 1024; Boom v. St. Paul Foundry & Mfg. Co., 33 Minn. 253, 256, 22 N. W. 538); that a judgment of dismissal of a suit in equity at the close of the plaintiff's case is a final decree on the merits (Worrell v. Kemmerer, 192 Fed. 911, 913, 114 C. C. A. 351, 353; Thomas v. Joslin, 36 Minn. 1, 3, 29 N. W. 344, 1 Am. St. Rep. 624); that the dismissal of a writ of mandamus on the merits is a bar to a subsequent proceeding for a like writ on the same ground (State of Minnesota v. Hard, 25 Minn. 460); that where, at the close of the evidence of both parties, a court, on motion for judgment "on the pleadings and evidence," grants the motion and renders the judgment without directing the jury to render a verdict, the judgment is conclusive, because the moving party was entitled on the evidence to such a direction, and the court had the power to render the proper judgment without consulting the jury (Duluth Chamber of Commerce v. Knowlton, 42 Minn. 229, 232, 44 N. W. 2); that when, at the close of a trial, the court directed a jury to return a verdict for $1,262, and it did so, this amount was found by the court before the entry of the judgment to have been about $400 less than the amount actually due, and the court so found, and then rendered the judgment for the just amount, it had power to do so (Mouat v. Wells, 76 Minn. 438, 441, 79 N. W. 499); that in the case of the mere dismissal of an action the record furnishes no basis for review on appeal of the decision of the trial court upon either the facts or the law; and that where the trial is by the court it is error for the court to dismiss the action on the merits, without making findings of fact and conclusions of law, unless the evidence is such that it would not sustain a verdict or finding for the plaintiff (Tharalson v. Wyman, 58 Minn. 233, 235, 59 N. W. 1009; Herrick v. Barnes, 78 Minn. 475, 476, 81 N. W. 526, and other decisions less relevant to the question here at issue). They have, however, failed to persuade that the conclusion above announced is erroneous. None of the decisions rules that a second action between the same parties for the same cause cannot be maintained, where the first action is dismissed at the close of the plaintiff's evidence against the objection and protest of the defendant under the established rule of practice in Minnesota and this statute:

"Section 7825. *Dismissal of Action.*—An action may be dismissed, without a final determination of its merits, in the following cases:

    \*      \*      \*      \*      \*      \*      \*      \*      \*

"3. By the court where, upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his cause of action or right to recover.

    \*      \*      \*      \*      \*      \*      \*      \*      \*

"All other modes of dismissing an action are abolished. \* \* \* In all cases other than those mentioned in this section, the judgment shall be rendered on the merits."

The first action in the case in hand was dismissed by the court under this statute at the close of the plaintiff's evidence, because he had failed to substantiate his cause of action, or right to recover. It is the judicial duty of a court, according to the rules and practice in the courts of Minnesota, to order such a dismissal when the plaintiff fails to prove any or all the essential facts of his cause of action by evidence sufficient to sustain a verdict in his favor. McCormick v. Miller, 19 Minn. 443, 446, 447 (Gil. 384); Volmer v. Stagerman, 24 Minn. 434; Merriman v. Ames, 26 Minn. 384, 4 N. W. 620. In every case in which such a motion is granted, the court necessarily determines the case presented by the evidence upon its merits, and in by far the greater number of cases it determines the entire case on its merits; for in nearly all the cases so determined the plaintiff introduces all the evidence he has and can procure in support of his cause of action before the motion to dismiss is made. But the statute declares that such a dismissal of an action shall be "without a final determination of its merits," and the established rule and practice in Minnesota is, not that such a dismissal bars another action between the same parties for the same cause, when in granting the motion the court considers and determines the merits of the case, and that it does not bar a second action when the court does not consider and determine the merits of the case, but that such a dismissal shall not bar another action for the same cause in any case, whether the court in granting the motion determined or failed to determine the merits of the case, and this because the statute declares that any such dismissal of an action may be made "without a final determination of its merits." It is therefore irrelevant to the issue whether or not the dismissal in this case bars a second action, whether or not in granting the motion to dismiss the first action the court actually considered and decided the merits of the case. Nor is it material to that issue that in suits in equity a decree of dismissal without more evidences a final determination of the merits of the case, because such is the immemorial form of a final decree for the defendant in equity, and a specific declaration therein that it is without prejudice to another suit or action, or that the dismissal is on the ground of lack of jurisdiction, is indispensable to the preservation of the right to bring the second action. Indian Land & Trust Co. v. Shoenfelt, 135 Fed. 484, 487, 68 C. C. A. 196, 199; Francisco v. Chicago & Alton R. Co., 149 Fed. 354, 360, 79 C. C. A. 292, 298, 9 Ann. Cas. 628; Campbell v. Golden Cycle Min. Co., 141 Fed. 610, 612, 73 C. C. A. 260, 262.

Conceding that the court had the power to dismiss the action under section 7825, or to direct a verdict for the defendant, the fact re-

mains that it did not direct such a verdict, and that it did order a dismissal of the action in the form which, under the statute and the rule of practice in the courts of Minnesota, is not a final determination of the merits of the action, or a bar to a second action by the plaintiff for the same cause. There is no evidence, no pleading, and no reason to believe that the court entered this judgment of dismissal through any mistake or inadvertence, and for the reasons stated in the earlier part of this opinion there is no equity in the bill of the complainant to enjoin Mr. Jameson from prosecuting his second action against the Land Company upon the same cause to a final determination of its merits.

The decree below is accordingly affirmed.