## SUPREME COURT.

HENRY DEXTER, appellant agt. RICHARD J. CLARK
respondent.

Where a complaint is *dismissed* at the trial, either before or after evidence is given
on both sides, a judgment entered on such a decision is *no bar to a second action*
for the same cause.

The *marine court* in the city of New York has authority to dismiss a complaint in
the same manner and to the like effect as all courts of record could grant a *non-
suit* under the old system.

*New York General Term, November,* 1861.

*Present,* CLERKE, LEONARD and INGRAHAM, *Justices.*

THIS action was commenced in April, 1859, to recover
from the defendant $50 for one quarter's rent, due 1st May,
1858, of a house belonging to the plaintiff, and occupied
by the defendant; also to recover $68.75 upon a claim for
prior rent of the same house, due from the defendant to
Messrs. Weeks & DeForest, and by them assigned to the
plaintiff.

The answer of the defendant consists of, first, a general
denial, and second, a plea of former adjudication in the
same action in the marine court.

The cause was tried on the 27th October, 1860, before
Judge ALLEN and a jury.

The court directed the jury that the former action in
the marine court was a bar to the present one, and that as
a matter of law they should find a verdict for the defendant,
which was found accordingly.

To this ruling, and to the exclusion of certain testimony,
the plaintiff excepted.

The cause now comes up on appeal from the judgment,
also from an order made at special term, denying a motion
for a new trial.

R. H. UNDERHILL, *for appellant.*

S. SANXY and R. J. CLARK, *for respondent.*

VOL. XXII.        19

Devlin agt. Bevins.

By the court, CLERKE, P. Justice. In *Coit* agt. *Beard,* (33 *Barb.,* 357,) this court in this district expressly decided that where a judge orders that a complaint shall be dismissed either before or after evidence is given on both sides, a judgment entered on such a decision is no bar to a second action for the same cause. In the case before us we think it appears both by the record introduced at the trial, and by the evidence of Judge THOMPSON, that his decision in the action in the marine court was a dismissal of the complaint instead of a positive judgment for the defendants after deliberation on the points. The marine court has authority to dismiss a complaint in the same manner and to the like effect as all courts of record could grant a non-suit under the old system.

The judgment should be reversed and a new trial ordered, costs to abide event.

LEONARD, J. I concur in the within opinion. I had some doubt at the hearing whether the effect of the judgment of the marine court dismissing the complaint was not the same as if it had occurred in a justice's court. (3 *Hill,* 237.) I am satisfied, however, on examination, that it has the same effect as a like judgment in a court of record, and is not a bar to a new action.