CHARLES P. CRAVER *vs.* J. A. CHRISTIAN and others.

December 24, 1885.

**Res Adjudicata—Dismissal of Action.**—Dismissal by the court of an action at law, (while the same is on trial and before its final submission,) upon the ground that the plaintiff has failed to establish his cause of action, is not a final determination on the merits, and therefore not pleadable against another action for the same cause.

**Error in Dismissing Action.**— *Held*, upon the evidence, that the trial court erred in taking this case from the jury.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for personal injuries received by him while engaged in the employment of the defendants in the Crown Roller Mills at Minneapolis. Defendants pleaded, as a bar to the action, that plaintiff had commenced a prior suit upon the same cause of action, which had proceeded to trial, and which, when plaintiff had rested his case, had been dismissed for the reason that plaintiff had failed to substantiate or establish his cause of action or right to recover. (The decision of an appeal in that action is reported in 32 Minn. 525.) Upon the trial before *Young*, J., and a jury, the dismissal of the prior action being admitted by the pleadings, defend-

ants, before any evidence was introduced, moved to dismiss this action, upon the ground that the rights of the parties had been adjudicated, which motion was denied. When plaintiff rested, the action was, on defendants' motion, dismissed, on the ground that plaintiff had not established a cause of action. Plaintiff appeals from an order refusing a new trial.

*E. Stone*, for appellant.

*Babcock & Davis*, for respondents.

BERRY, J. Our statute (Gen. St. 1878, c. 66, § 262) enacts that an "action may be dismissed, without a final determination of its merits, * * * by the court, when, upon the trial, and before the final submission of the case, * * * the plaintiff fails to substantiate or establish his claim or cause of action or right to recover;" and the following section (263) adds that "in every case *other than those mentioned in the last section* the judgment shall be rendered *on the merits.*"

That, to be pleadable in bar, a former adjudication must be a final determination *of the merits* of the action, is elementary. *State.* v. *Torinus*, 28 Minn. 175. The statutory provisions above quoted expressly show that the dismissal therein provided for is not a final determination of the merits of the action, but, in effect, nothing more than a common-law nonsuit. See *Boom* v. *St. Paul F. & M. Co.*, 33 Minn. 253. This is so, even if judgment is entered upon the order as provided in section 263, and as is not alleged to have been done in the defendants' answer in this case. See *Gummer* v. *Trustees*, 50 Wis. 247.

This action, being on trial before a jury, was dismissed by the court at the close of plaintiff's testimony, upon the ground that no cause of action was proved. The question now before us is whether the state of the evidence was such as to justify the court in taking the case from the jury. In view of the fact that the case will go back for a new trial, we shall not enter into detail further than is absolutely necessary to indicate briefly, and in a general way, our reasons for concluding that this question must be answered in the negative. To make a case for the jury in this action the plaintiff must adduce evidence reasonably tending to show negligence on defendants' part, and he

must not show contributory negligence on his own part. We think that there was evidence introduced reasonably tending to show that defendants were chargeable with negligence in leaving the gearing uncovered so as unnecessarily to endanger the safety of their employes. And in view of the fact that when the plaintiff first went into defendants' employ, about the middle of July, and up to the latter part of August, when the mill was shut down, all the gearings like that in which plaintiff was injured were covered; and that he resumed work September 16th without any notice or knowledge that in the mean time some of them, including that in which he was injured, had been uncovered; and that his duty required him to look after the 30 smooth-roller machines in which the gearing was used for an hour only each morning for the three or four mornings intervening his resumption of work and the accident; and that the gearings of only a part of the machines were uncovered,—we are of opinion that it cannot be said, as a matter of law, that he was guilty of contributory negligence in the premises, or of accepting the situation in which the defendants' alleged negligence placed him, and assuming its risks. Neither, in our judgment, was the evidence such as to show, as a matter of law, that the occurrence was an *accident,* in the sense of being something which the defendants as prudent men could not have anticipated as a probable result of leaving the gearing exposed.

We think the case was, upon the testimony adduced by plaintiff, for the jury, within the rule of *Abbett* v. *Chicago, M. & St. P. Ry. Co.,* 30 Minn. 482, as one in which "different minds might reasonably draw different conclusions." We are not to be understood, however, as intimating that the evidence would necessarily have entitled plaintiff to a verdict, or that whatever probative force it had might not be overcome by testimony from the other side. We say simply that there was a case *for the jury* to consider.

The case of *Sjogren* v. *Hall*, 53 Mich. 274, which is much relied upon by defendants, is distinguishable from this in several respects; but it will only be necessary to advert to the distinction presented by the fact that when plaintiff worked for defendants before the mill was shut down, the gearings were covered; and that when he resumed work in September, he had no notice or knowledge that there had

been any change in this respect,—a fact which the jury might prop-
erly take into consideration without reference to whether his employ-
ment or service was continuous or not.

Order reversed, and a new trial directed.