A. H. ANDREWS and others *vs.* SCHOOL-DISTRICT No. 4, OF OTTER TAIL COUNTY.

March 9, 1886.

**Res Judicata — Judgment on the Merits.**— To constitute a bar to a second action, a former suit involving the same subject-matter or cause of action must have been determined upon the merits.

**Same—Judgment of Dismissal.**—Judgment in favor of defendant upon a dismissal of a former action before final submission is a final determination of the particular suit, but not upon the merits.

**Same—Character of Judgment as shown by the Record.**—Such judgment, if not strictly in proper form, may be aided or explained by other parts of the record not inconsistent therewith in determining what disposition of the case was actually made.

**Same—Plea of Former Judgment held Insufficient.**—Plea of former adjudication *held* insufficient in which it was not alleged to have been on the merits, and wherein it is averred that the judgment relied on was entered in pursuance of an order taking the case from the jury before it was finally submitted, and granting defendant's motion for judgment in his favor upon the pleadings and the evidence of the plaintiff.

Plaintiff brought this action in the district court for Otter Tail county, to recover the value of goods alleged to have been sold and delivered to the defendant. The answer contains two defences, viz.: (1) A denial that the plaintiffs at the time and place alleged, or at any other time, sold and delivered to defendant the goods described, of the value alleged, or of any value; and (2) a plea of former adjudication of the matters in controversy, setting out in full the pleadings and proceedings in the former action.

Plaintiffs appeal from an order by *Baxter,* J., overruling a demurrer to both defences.

*Charles L. Lewis,* for appellants.

*Clapp, Woodard & Cowie,* for respondent.

VANDERBURGH, J.    This action is for the value of goods alleged to have been sold and delivered to the defendant.    The plaintiffs' allegations are denied by the answer, which also sets up as new matter a former adjudication in bar.    As the demurrer to the denials was properly overruled,—*C. N. Nelson Lumber Co.* v. *Pelan,* 34 Minn. 243, (25 N. W. Rep. 406,)—we need only inquire as to the sufficiency of the answer in respect to the alleged former adjudication.

1. To work an estoppel the former suit must have been determined on the merits.    It appears from the answer in this action that upon the trial of the former suit, after the plaintiffs had submitted their evidence, the defendant made a motion for "judgment upon the pleadings and evidence now before the court," and that thereupon the court granted the motion, and directed that judgment should be accordingly so entered for the defendant.    The decision of this motion necessarily determined the question as to the sufficiency of the plaintiffs' evidence "to substantiate their claim or right to recover;" hence the only judgment that the court could properly order at that stage of the case was a judgment of dismissal.    Gen. St. 1878, *c.* 66, § 262, subd. 3; *Craver* v. *Christian,* 34 Minn. 397, (26 N. W. Rep. 8.)    A dismissal before final submission is not a bar to a subsequent action, and no finding or verdict is required in such case.    *Thompson* v. *Myrick,* 24 Minn. 4.    Before final submission, therefore, the court may take a case from the jury, and dispose of it upon the evidence without a verdict, which would properly be a dismissal; and so, after submission, it may order a verdict, which would be a disposition upon the merits.    *Woodling* v. *Knickerbocker,* 31 Minn. 268, (17 N. W. Rep. 387.)

Taking the case from the jury as alleged was not a disposition of the case upon the merits, and it is not to be presumed that the court erroneously rendered judgment upon the merits; and, for aught that we can see, the order for judgment made was consistent with and would warrant a judgment of dismissal; and it is not alleged, nor

does it affirmatively appear, that the judgment was rendered upon the merits. A particular action is finally terminated by a judgment of dismissal in favor of the defendant as well as upon the merits. *Dowling* v. *Polack,* 18 Cal. 626. A judgment in form for the defendant may or may not be upon the merits. In either case the plaintiff takes nothing, which was the common-law form, though the preliminary recitals were variant. Freem. Judgm. § 261. A judgment of dismissal, however, is ordinarily in practice so expressed; but if not such in form, or if it is ambiguous, it may be aided or explained by other parts of the record not inconsistent with it, to show what disposition of the case is involved in the judgment. *Burwell* v. *Knight,* 51 Barb. 267; *Dexter* v. *Clark,* 22 How. Pr. 289; *Boom* v. *St. Paul Foundry Co.,* 33 Minn. 253, (22 N. W. Rep. 538.) The record, however, cannot be contradicted or impeached collaterally, though it be erroneous. *Green* v. *Clark,* 5 Denio, 497; *Audubon* v. *Excelsior Ins. Co.,* 27 N. Y. 216. In such cases the aggrieved party must seek his remedy by appeal, or in proper cases by motion, in the same action. We think, therefore, that it does not appear from the answer that the former judgment was upon the merits, and a bar to this action; and on this ground the demurrer should have been sustained.

2. But we think the court was right in holding that the identity of the causes of action in this and the former suit is sufficiently shown by the answer. They are alleged to be the same, and it may be fairly inferred from the face of the two complaints that they involve the same subject-matter. In each case the sale and delivery of the goods, together with the value thereof, are alleged; and for aught that appears, there might have been a recovery in the former suit, though the school-district orders set out in the complaint therein were legally defective or informally issued. *Thompson* v. *Myrick,* 24 Minn. 4.

Order reversed, and cause remanded for further proceedings.