CHARLES D. ROLFE *vs.* BURLINGTON, CEDAR RAPIDS & NORTHERN RAIL-
WAY COMPANY.

November 16, 1888.

**Stipulation for Dismissal—Proper form of Judgment.**—A written stip-
ulation, before trial, that an action be dismissed, without costs, does not
authorize the entry of a judgment as upon the merits, such as would bar
a subsequent action for the same cause.

Appeal by defendant from an order of the district court for Rock
county, *Perkins,* J., presiding, vacating a judgment, and directing
"that this action be and the same is, pursuant to the stipulation of
the parties, dismissed without costs to either party." The stipula-
tion is recited in the opinion. The judgment, vacated, after reciting
the stipulation, adjudges "that the said plaintiff do recover nothing
by this action, either for damages or for costs or disbursements; that
the said defendant do recover nothing by this action, either for costs
or disbursements; that this action be and the same is hereby dis-
missed by the agreement of the parties thereto."

*Daniel Rohrer,* for appellant.

*E. H. Canfield* and *Chas. C. Willson,* for respondent.

DICKINSON, J. This is an appeal by the defendant in the above-
entitled action from an order of the district court vacating a judg-
ment which had been entered by the clerk of that court. . While
the action was pending, and before trial, the parties, by their respect-
ive attorneys, entered into a written stipulation "that the said action
be, and the same is hereby, dismissed, without costs or disbursements
to either party." Some time after this, on motion of the defendant,
and upon this stipulation, the clerk entered the judgment in question;
which, as is here conceded, was in form and effect a judgment on the
merits, effectual as a bar to another action for the same cause. The
intention of the parties and the proper effect of the stipulation are to
be discovered from its terms when read in the light of the statute
controlling the dismissal or discontinuance of actions, in view of
which statute the stipulation was presumably made. The statute,

(Gen. St. 1878, *c.* 66, § 262,) in terms abolishing "all other modes of dismissing an action by nonsuit or otherwise," than those there prescribed, provides: "The action may be dismissed without a final determination of its merits in the following cases: *First,* by the plaintiff at any time before trial, if a provisional remedy has not been allowed, or counterclaim made, or affirmative relief demanded in the answer; *second,* by either party, with the written consent of the other, or by the court, upon application of either party, after notice to the other and sufficient cause shown, at any time before the trial; *third,* by the court, where, upon the trial, and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his claim or cause of action, or right to recover; *fourth,* by the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal; *fifth,* by the court, on the application of some of the defendants, when there are others whom the plaintiff fails to prosecute with diligence." The next section reads: "In every case other than those mentioned in the last section the judgment shall be rendered on the merits." We readily recognize in the provisions of section 262 the intention to preserve, with some statutory modifications, the rights which a plaintiff had at common law to discontinue his action, or to take a nonsuit. The conditions are here prescribed, applicable to actions both of a legal and of an equitable nature, which authorize a termination of the action so as to leave the right of further action still existing. A dismissal of an action by the plaintiff, pursuant to the first subdivision, although a judgment for costs be entered against him, would operate only as a discontinuance or nonsuit; it would not bar another action for the same cause. *Craver* v. *Christian,* 34 Minn. 397, (26 N. W. Rep. 8;) *Gibson* v. *Gibson,* 20 Pa. St. 9. Nor could it be otherwise if the defendant were to waive his right to costs. So the second subdivision authorizes such a dismissal, and with like effect, upon the written consent of the defendant, in cases where the plaintiff is not permitted, of his own motion, to dismiss. The effect of a mere dismissal, upon such consent being given, cannot be controlled or affected by the conditions upon which consent is given, if they do not involve a settlement of the cause of action. The stipulation in question expresses

the consent of both parties that the action be dismissed without costs. The defendant, of course, was not liable for costs upon a dismissal, and it waived its right to recover costs from the plaintiff. A judgment which should bar another action was not authorized by the stipulation, or the statute pursuant to which it was made.

We have been referred to some decisions as holding a dismissal by agreement of the parties to be a bar to another action. Some of these cases, as in *Merritt* v. *Campbell*, 47 Cal. 542, and *Wohlford* v. *Compton*, 79 Va. 333, were decided, in part, upon other grounds than those involved in this case. But, in so far as those decisions can be regarded as supporting the theory that a mere dismissal by the consent or agreement of the parties is equivalent to the technical *retraxit* of the common law, we cannot follow them, in view of the provisions of our statute. The technical procedure of *retraxit* was more than the mere nonsuit or discontinuance of the action. It involved an open, voluntary renunciation of his claim by the plaintiff in court. It was an admission that he had no cause of action. *Thomason* v. *Odum*, 31 Ala. 108; *Pinner* v. *Edwards*, 6 Rand. (Va.) 675. Nothing of that nature is to be inferred from an agreement under the statute merely for a dismissal of the action without costs. It does not imply a settlement of the cause of action. *Hoffman* v. *Porter*, 2 Brock. 156.

Order affirmed.

NOTE. The case of *J. D. Rolph* v. *Burlington, Cedar Rapids & Northern Ry. Co.*, involving the same question with the foregoing case, was decided at the same time and with the same result.