### LINDVALL *v.* WOODS *et al.*[1]

*(Circuit Court, D. Minnesota. July 7, 1890.)*

JUDGMENT OF DISMISSAL—RES ADJUDICATA.
    Dismissal by the trial court at the end of plaintiff's case on the ground that plaintiff's testimony failed to show his right to recover, and a subsequent appeal to the supreme court of the state and an affirmance by that court, is not an adjudication on the merits that can be pleaded in bar when an action on the same wrong is commenced in the federal courts.

At Law.
*Arctander & Arctander*, for plaintiff.
*Shaw & Gray*, for defendants.

[1] Affirmed on appeal to the circuit court of appeals, see 48 Fed. Rep. 62.

NELSON, J., (*orally*.) After a jury had been impaneled in this case, by stipulation of counsel evidence was submitted under the second defense, setting up facts, by way of a plea in bar, of a former adjudication of the matters in issue. Under the evidence adduced I sustained the plea, and directed a verdict for the defendant on this issue, with the understanding that a motion for a new trial herein should be made and submitted when Justice MILLER should arrive, to the end that this question, which is an important one, could be finally settled, at least as far as this circuit is concerned, it being intimated that the same issue was involved in other cases now pending in this court. Justice MILLER kindly consenting to sit with me on the hearing of the motion for a new trial, the question at issue has been elaborately argued before us by respective counsel, and after giving the case considerable attention, we have arrived at a decision. Some years ago, perhaps before the question had been passed upon by the supreme court of the state of Minnesota, it was held by this court, Justice MILLER presiding, that when, in a case brought in the district court of the state, the defendant's counsel, after plaintiff had rested his case, had made a motion for a dismissal of the action on the ground that no case had been made out under the pleadings and the evidence, and such motion was granted by the district court, and the case ordered dismissed, such proceedings were no bar to the further prosecution of an action for the same wrong, at least not in this tribunal, if the citizenship of the parties would give this court jurisdiction, although a judgment for dismissal and for costs to defendant had been entered in the state court. That case, at the first hearing of this action, in my opinion, presented a somewhat different aspect of the question from the case at the bar. I was well satisfied at the time that if counsel for plaintiff had rested upon the decision of the trial court, and had at once commenced his action over again in this court, the proceedings in the state court could not in any manner be considered as an adjudication on the merits, and that, therefore, any such order, or even judgment of dismissal entered upon such order, could not be successfully pleaded in bar. But upon the first hearing in this action I was inclined to think that counsel, by proceeding, under the statutes of the state, to move for a new trial, and, after this had been refused him, by appealing from the order refusing a new trial to the supreme court of the state, and in the latter court, upon a settled case setting forth all the testimony offered by him at the trial, questioned the correctness of the ruling of the trial court, and had voluntarily submitted the case to that court on the merits, and it affirmed the action of the trial court, and judgment thereupon was entered in the case, such judgment could be pleaded in bar. I think I was wrong in taking that view of the matter, and for this reason: The district court of the state, upon the motion to dismiss, only determined the case as far as plaintiff's evidence was concerned. The only question presented to it was: Has plaintiff, by the evidence introduced by him, given sufficient proof of his being entitled to the relief he asks for in his complaint? It does not pretend to determine the controversy, or to ad-

judicate who is right or who is in the wrong. It simply said that "on the evidence on behalf of plaintiff, which we now have before us, we cannot allow plaintiff to take the opinion of the jury on his case." At that time plaintiff of his own motion could have taken a dismissal, which certainly would not have been a bar, and he is in no worse position when the court, on the motion of the opposite party, only does what plaintiff himself voluntarily could have done. Defendants introduced no evidence, nor did they rest their case and ask the court to pass upon the merits of it, or adjudicate on the respective claims of the parties. If defendants had rested their case when plaintiff rested his, and asked the court to have directed a verdict for defendants, and it was done, this would have been an adjudication on the merits, and a bar to any other action. As it was, plaintiff, under the state statute, immediately after this order of dismissal, could have commenced his action over again in the same court, or in any other court having jurisdiction, and by additional and further testimony might have presented a better and more substantial case to the court. Nor can I see that plaintiff's appeal to and the hearing of the matter in the supreme court in reality places plaintiff in any worse position. His appeal was simply from the order of the trial court, denying plaintiff's motion for a new trial. This motion for a new trial was based on the claim that the trial court erred in holding that plaintiff's evidence then introduced was insufficient to entitle him to the relief his complaint asked for, and that, as then standing, his case should be dismissed. The hearing in the supreme court was directed only to the point whether the trial court committed an error in so holding, and the decision of the supreme court amounts simply to this: that the trial court committed no error in so ruling, and that, therefore, the order denying plaintiff's motion for a new trial should be affirmed. The adjudication of the supreme court goes no further than that of the trial court. Neither court passed on the merits of the case, but simply on the sufficiency of the evidence introduced at that particular trial to sustain plaintiff's claim. The supreme court of the state of Minnesota has in an opinion cited by counsel on both sides (Justice BERRY delivering the opinion[1]) distinctly held that, after a plaintiff has taken all the steps necessary to obtain the decision of the court of last resort upon the dismissal of an action by the court below, and after the appellate court has affirmed that ruling, still these proceedings constitute no bar to a further prosecution of the same cause of action. And that court also states, although in that particular case it was perhaps not pertinent, and more in the nature of an *obiter dictum*, that it would make no difference if judgment had been entered on the order of dismissal. In view of the decisions of the supreme court of the state and its interpretation of this statute of the state, I am inclined to think I was wrong in sustaining the plea in bar. Mr. Justice MILLER agrees with me in these views of the case, and the plaintiff's motion for a new trial of this action is therefore granted, without costs.

[1] Craver v. Christian, 26 N. W. Rep. 8.

MILLER, J., (*orally.*) The statutes of Minnesota seem to leave no room for doubt that a dismissal by the court, after plaintiff has rested his case, is not an adjudication on the merits, which can be pleaded in bar against the same action in the same or any other court. Such proceedings seem rather to be in the nature of a voluntary nonsuit than to partake of any of the characteristics of a trial on the merits. The question would have presented no difficulty whatsoever to my mind if I had been called upon to give my own construction of that statute. The only embarrassment I have experienced was from the impression I received on the argument from the reading of a late decision of the supreme court of the state, in which it seemed to me at first blush that the court had taken a different view of the statute from what its decisions had been in the cases reported in the 34th and 35th volumes of the Minnesota Reports. (*Craver* v. *Christian*, 26 N. W. Rep. 8; *Andrews* v. *School-Dist.*, 27 N. W. Rep. 303.) But upon closer investigation of this case I find that my first impression was wrong. That was an equity case, in which there was no jury to pass on the issues, and the court, although the disposition of the case was perhaps in form a dismissal, finds that substantially it was a decision on the merits. The action was in the nature of a bill for specific performance, and what the trial court decided and the supreme court affirmed in the first case, was either that the paper on which the party relied was a good paper, or not a good paper, (I do not remember which way it was, and that is not material,) and that the contract was not sufficient to sustain an action for specific performance. The court seemed to think that this necessarily disposed of the case on the merits, and that there was no use to go any further. I suppose it was a decision on the merits, being an equity case, and that the term "dismissal of the bill" really meant an adjudication on the merits. Whether it was wise or proper in that case to say that it was such a decision on the merits as would bar the beginning of another suit I am not prepared to say; but one thing is certain, and that is that this decision of the supreme court was not upon such a case as the one at bar, and would not be applicable to the proceedings in the case now before us. What the judge deciding that case said, or at least evidently meant, was that the plaintiff's case contained all the case that ever could be made, and that therefore the decision virtually was on the merits. I fully concur with Judge NELSON in his views that the plea in bar in this case cannot be sustained.