ISABELLA J. CARLTON v. JOHN R. CAREY, Administrator.[1]

June 10, 1895.

Nos. 9194—(21).

Appeal—Judgment on Remand.

> *Held*, that the judgment appealed from in this case was not entered upon a strict compliance with the conditions named in Carlton v. Hulett, 49 Minn. 308, 51 N. W. 1053, and the case is remanded, with directions for the entry of judgment in favor of the plaintiff upon modified conditions.

Action in the district court for St. Louis county by Isabella J. Carlton against Nehemiah Hulett. John R. Carey, administrator of the estate of said Nehemiah Hulett, was substituted as defendant. From an order, Moer, J., denying defendant's motion for judgment in his favor and granting plaintiff's motion for judgment in her favor, and from the judgment entered upon said order in favor of plaintiff, defendant appealed. Remanded.

*James Spencer*, for appellant.

*J. W. Bull*, for respondent.

START, C. J. The substantial merits of this action were decided by this court upon a former appeal. See Carlton v. Hulett, 49 Minn. 308, 51 N. W. 1053, for a statement of the case, and the questions settled by that appeal. None of those questions can be reviewed on this appeal, and it must be accepted as a fact, in the consideration of this appeal, that no title to the lots described in the complaint in this action passed from Nehemiah Hulett by his deed to the plaintiff's husband.

After this case was remanded to the district court of St. Louis county, as a result of the former appeal, and on January 14, 1893, the conclusions of law of the trial court were amended, as indicated in the opinion of this court, so as to read as follows: "That the plaintiff is entitled to judgment against the defendant, adjudging the mortgage, a copy of which is annexed to the complaint, and the record thereof, and all the proceedings had thereunder, and all

[1] Reported in 63 N. W. 611.

the records in said proceedings, to be null and void, and the plaintiff to be the owner of all of the lands described in said mortgage, upon the condition that she, within four months from the date of this order, pay, or cause to be paid, to John R. Carey, administrator of the estate of Nehemiah Hulett, deceased, the sum of four hundred and seventy-five dollars, with interest at seven per cent. from and since February 14, 1874, and upon the further condition that she, within thirty days from the date of this order, convey, or offer to convey, to said John R. Carey, as administrator of said estate, by quitclaim deed, the lots on Minnesota Point described in the complaint herein; and, in case of the failure on plaintiff's part to comply with the conditions herein prescribed, within the time herein prescribed, judgment may be entered against her, and in defendant's favor."

Afterwards each party moved the court for judgment,—the plaintiff, on the alleged ground that she had complied with the condition of this order, and the defendant for the alleged reason that she had not done so. The court on July 31, 1894, denied the defendant's motion, and granted the plaintiff's, and judgment was so entered in her favor on August 16, 1894. From each of such orders and the judgment the defendant appealed.

The orders are not appealable, but the appeal from the judgment brings before us for review such intermediate orders. It is claimed by the defendant that the condition upon which the plaintiff was to have judgment has not been complied with, in that three of the lots in question had been, in form, conveyed by her before the tender of her quitclaim deed of the lots to the defendant. An examination of the record discloses such to be the fact. One of them was so conveyed before the commencement of this action, and two by her attorney in fact, without her actual knowledge, since the commencement of the action. Hence she did not strictly comply with the condition upon which she was entitled to her judgment. It is apparent that very little importance was attached to these lots by this court when this condition was made, for Hulett never had any title to them, and, of course, never conveyed them to the plaintiff's husband. Carlton v. Hulett, 49 Minn. 308, 321, 51 N. W. 1053. But the condition having been made, and not technically complied with, the plaintiff was not entitled to the judgment entered, and should

have applied to the trial court for such equitable modification of the condition as would be just to both parties.

The rule as to the rescission of deeds and contracts requires that the party wishing to rescind should place the opposite party in substantially his former position, as claimed by defendant's counsel; but it is not necessary to discuss or make any application of this rule, for this court, on the former appeal, prescribed the conditions upon which the plaintiff was entitled to judgment, and we are of the opinion that she ought not to be deprived of the fruits of her litigation because of her inability to comply technically with the conditions. The defendant can be fully compensated for any damages he may sustain by reason of such technical noncompliance.

Therefore the judgment appealed from must be set aside, and the case remanded to the district court of the county of St. Louis, with direction to ascertain, in such manner as it may be advised, by reference or otherwise, the amount of damages the defendant will sustain, as administrator, by reason of the inability of the plaintiff to comply with the condition upon which she was entitled to judgment, as to any of the lots in question; and if, within 40 days next after the amount of such damages shall have been finally determined, she pays into court the amount of such damages, together with the further sum of $475, the principal of the mortgage, with interest thereon from February 14, 1874, for the defendant, and delivers within such time, to the court, for the defendant, a quitclaim deed of the lots in question not heretofore conveyed in form by her, executed by her, and made to the defendant, as such administrator, such acts shall be deemed a complete compliance with the conditions upon which she was entitled to judgment by the order of January 14, 1893, and that thereupon it be entered accordingly in her favor, but, if she fails to comply with these modified conditions within the time stated, judgment to be entered for the defendant.

So ordered.