GEORGE H. FIFIELD AND ANOTHER v. CHARLES P. BIESANZ AND ANOTHER.[1]

May 28, 1926.

Nos. 25,264, 25,265.

**Lease of gravel pit construed.**

1. Lease of a gravel pit for a term of years at a rental of two dollars per car, payable quarterly, for all gravel which can reasonably be taken therefrom each and every year at a profit, construed and *held* to be a continuing contract with provision for performance of a divisible portion thereof each year.

**Same.**

2. *Held* to be within the contemplation of the parties that all gravel disposed of by the lessee or his assignees at a profit, in the markets reasonably accessible to the leased premises, should be taken from the plaintiff's premises.

**Measurement of quarterly rental.**

3. The quarterly rental provided for in the lease not to be measured by the quantity of gravel actually removed but by the quantity which could reasonably be taken from the premises with profit.

[1]Reported in 209 N. W. 259.

**Lessee's duty.**

4. Appellant's obligation under the contract is to each year remove all the gravel which can reasonably be removed at a profit and each quarter pay plaintiff for the amount removed during the preceding three months.

**Successive actions maintainable upon breach by lessee.**

5. Under the terms of the lease, a failure to remove the required amount constitutes a breach for the year in which it occurs and successive actions may be maintained for the recovery of what ought actually to be paid.

**Measure of damages.**

6. The measure of damages which plaintiff is entitled to recover for the breach of such contract is the sum of two dollars per car for such amount as ought to have been removed during the specified years, together with interest on the respective amounts from the time the same should have been paid.

> Appeal and Error, 3 C. J. p. 502 n. 42.
> Contracts, 13 C. J. p. 629 n. 54.
> Damages, 17 C. J. p. 913 n. 42 New.
> Judgment, 34 C. J. p. 887 n. 68.
> Mines and Minerals, 40 C. J. p. 1020 n. 40; p. 1028 n. 54.

Action in the district court for Winona county to recover for breach of contract. The case was tried before Callaghan, J., who dismissed the action as to Charles P. Biesanz and ordered judgment in favor of plaintiff against Biesanz Stone Company. Biesanz Stone Company appealed from an order denying its motion for a new trial. Remanded.

*Brown, Somsen & Sawyer*, for appellant.
*Webber, George & Owen*, for respondents.

QUINN, J.

This appeal involves the construction of a lease, now in full force, and the operation of a gravel pit of 35 acres thereunder. The lease was made to the defendant Biesanz on December 15, 1907, for four years with the option in him to renew from time to time for the

term of 30 years. In December, 1911, Biesanz renewed for 25 years and it may be again extended for 5 years. Subsequent to the renewal for 25 years, the lease was assigned to the defendant Biesanz Stone Company and that company has ever since been in full possession and engaged in operating the pit.

This action was commenced in December, 1924, tried in February and decided in October, 1925. The action was brought to recover $25,000 for breach of contract in failing to work the pit in a workmanlike manner, in leaving gravel in the bottom of the pit, failing at times to operate the pit, hauling gravel from another pit over the leased premises from pit to screen, dumping sand in excavations on premises, placing surplus screened gravel in stock piles on premises and in placing railroad tracks so that gravel thereunder cannot be taken out.

The answer of the appellant stone company sets out the lease and alleges that the pit has at all times been and is now being operated in accordance therewith as the same has been understood and construed by the parties; that, if the method of operation has in any way departed from the terms of the lease, it has been with the knowledge, consent and waiver of plaintiffs; that the issues have been determined by a former judgment of March 1, 1924. The answer of the defendant Biesanz is that he has had nothing to do with the lease since he assigned it to the Biesanz Stone Company in December, 1911. The trial court so held and dismissed the action as to him. From an order denying its alternative motion for amended findings or a new trial, the defendant Biesanz Stone Company appealed.

We find no merit in the contention that the issues herein were disposed of by a former judgment on March 1, 1924. That action was dismissed because of a lack of the notice provided for by the second paragraph of G. S. 1923, § 8187. There was no adjudication upon the facts. Leonard v. Schall, 132 Minn. 446, 157 N. W. 723, 4 A. L. R. 1166; Morrison v. Lejourburg, 124 Minn. 495, 145 N. W. 380.

The premises in controversy are in the Mississippi gravel flat, a few miles out from Winona. Back in 1908 the gravel business was limited in that vicinity. However it soon developed so that a gravel pit meant large premises, expensive investment for equipment, and formed quite an amount of tonnage for railroad carriage. A number of railroads centered in toward Winona. The Northwestern line, four miles west of the city, extended in an easterly and westerly direction, and northerly therefrom a few rods and parallel therewith was the Milwaukee, and to the south less than a mile was the Great Western. The Fifield gravel pit of 35 acres lay immediately to the south of the Northwestern right of way, and to the south of that tract lay a 200-acre bed of gravel which the appellant purchased for gravel pit purposes and upon which the pit referred to as the Biesanz pit was developed. The Great Western track extended in an easterly and westerly direction along the south line of the land purchased by appellant. Both of these gravel beds are out from Winona beyond the switching limits. All shipments by rail therefrom over any of the lines except the Northwestern incurred very high switching expenses.

A spur and storage track extended out from the Northwestern track onto the Fifield 35-acre tract for use in connection with the Fifield pit. This was the condition when the Biesanz pit was opened in the fall of 1919. Thereafter the spur track was moved and extended south across both the Fifield and the Biesanz tracts, connecting with the Great Western and at the same time eliminating switching charges to a large extent and extending the market for gravel. Later a portion of the spur track was doubled for convenience in handling cars and for storage purposes. Both pits were excavated from this track and cars were passed from both pits in either direction over the spur on both tracts of land, as occasion required in handling the cars, without regard to whether they were from one pit or the other. These facts were known to all the parties and fully acquiesced in by all. The plan of operation resulted in taking gravel from the Biesanz pit and shipping it to the markets available for gravel taken from the Fifield pit which apparently

caused a large dropping off of the output from the latter pit during the five years immediately preceding the bringing of this action.

The contract provides that:

"The said party of the second part shall each and every year take out and remove as much gravel from said premises as can reasonably be taken and removed profitably to said party, paying therefor at the quarterly dates aforesaid, and at the rate aforesaid, for all such gravel so removed."

We think the findings and conclusion of the trial court are sustained by the evidence and by the terms of the contract. We think it is a reasonable construction of the contract to hold that it was within the contemplation of the parties that, during the life of the lease, Biesanz and his assignee should take from the Fifield premises all of the gravel disposed of by Biesanz and his assignees, during the life of the lease, if it could reasonably and profitably be taken therefrom and markets therefor were reasonably accessible to the leased premises.

The defendant Biesanz assigned the lease to the defendant stone company in December, 1911, since which time he has had nothing individually to do with the operation of the pit. During the trial the court, over the objection of plaintiff, dismissed the action as to Biesanz. The plaintiff ineffectually appealed from a nonappealable order. The question whether the dismissal was error is not here for consideration.

The learned trial court construed the lease as a continuing contract with provision for performance of a divisible portion each year, to be measured by the quantity of gravel which could reasonably be taken out with profit during the year. In determining the number of cars which might have been so taken from the Fifield pit, the court considered the number of cars taken from both pits during the years 1919 to 1922, and 1923 and 1924 separately. It then found that the cars shipped over the Great Western into its territory could not have been reasonably taken from the Fifield pit with profit and those cars were accordingly deducted. This left a balance of 1,407 cars during the years 1919 to 1922, 315 during 1923, and

518 during 1924, or a total of 2,240 for the entire period. The court specifically found that all of such gravel might reasonably have been taken from the Fifield pit with profit.

The court further found that this quantity of gravel, 2,240 cars, will remain on the premises until the expiration of the lease or be removed during the last year thereof, basing such conclusion upon the assumption that, during the remainder of the term of the lease, no more will be removed each year than can reasonably be taken with profit. The court then allowed as damages the interest at the rate of 6 per cent per annum on $2,814 from 1922 to 1936; on $630 for 13 years; and on $1,036 for 12 years. The court further allowed plaintiff, for the use of the premises in hauling gravel from the other pit over the premises and placing "stock piles" thereon, the sum of $50 per year for the years 1919 to 1924.

Counsel for appellant, in an able brief and oral argument, contends that the contract is an entire one by which appellant had until 1941 within which to perform; that such performance will be complete upon the removal of all the gravel from the pit; that the evidence shows that, within the lease period expiring in 1936, the pit will be exhausted but, if not, it will at that time be in shape for further operation and will be exhausted by 1941. It is therefore insisted that the action was prematurely brought and that the court has improperly allowed recovery for an anticipatory breach of a contract, concededly in full force and operation, and which both parties intend shall so continue.

We are unable to concur in this contention. As to the construction of the contract, our views are in harmony with those of the trial court. It is but reasonable to assume that Mr. Fifield and his wife contemplated that they would have an annual income from the leased premises; that they were to pay the taxes; that there was no income from the premises other than from the gravel; that the very purpose of the provision in the lease was to obligate Mr. Biesanz and his assignees to remove *each year* all gravel which could reasonably be taken out with profit. A quarterly settlement at two dollars per car was agreed upon. This quarterly rental was not to

be measured by the quantity actually removed, but by the quantity which could reasonably be taken from the premises with profit. Biesanz and his assignees were not given 34 years within which to remove from the premises all the gravel thereon. Defendant is not obligated to exhaust the pit at all. The obligation is to each year remove all the gravel which can reasonably be removed at a profit and each quarter pay plaintiff for the amount removed during the preceding three months. The contract extends beyond the ordinary life of a person of mature years. Mrs. Fifield died before this action was begun. It can hardly be contemplated that, after the death probably of both, the avails of this contract were to go, perhaps in a lump sum, to the legal representatives or heirs.

As we view this contract it is a divisible one and recovery thereunder may be segregated in the years in which breaches occur. There has been no total breach of the contract but the failure to remove a reasonable amount constitutes a breach for the year in which it occurs and successive actions may be maintained for the recovery of what ought annually to be paid. McMullan v. Dickinson Co. 60 Minn. 156, 62 N. W. 120, 27 L. R. A. 409, 51 Am. St. 511. The damages for which recovery is now allowed are not anticipatory. They have accrued and the right of action is mature.

The trial court was in error in computing damages. The gravel in the Fifield pit may all be removed in five, ten or two years. If it is all removed in less time than the period used by the court in computing interest, plaintiff will have both principal and interest. If the additional five years are taken by defendant, plaintiff will lose that interest. We think the better method is to allow plaintiff the two dollars per car for such amount as ought to have been removed during the specified years, together with interest on the respective amounts from the time the same should have been paid. When defendant exhausts the pit, in case it does, at a profit, it will be remunerated but, if it cannot exhaust the pit at a profit within the life of the lease, it has paid plaintiff no more than it ought to pay for its default in removing the proper quantity in the years allowed for. The judgment should however provide that, at the expiration of the lease, whether in 1936 or at the end of the exten-

tion in 1941, if the pit be not then exhausted, defendant shall have the right to take from the premises, without further payment, the number of cars of gravel for which recovery is now allowed plaintiff. But, if the pit be exhausted during the life of the lease, the car last removed, equal to the number allowed for, be not subject to the charge of two dollars per car.

This holding disposes of appellant's assignments of error in regard to the exclusion of testimony as to when the pit is likely to be exhausted under the suggested plan of operation. It was urged however on behalf of the plaintiffs that it was entitled to recover damages on account of dumpage upon its premises of materials taken from the Biesanz premises and for piling screen gravel thereon, and in leaving gravel unexcavated in the bottom and at different places in the Fifield pit so that it cannot now be removed at a profit, and for hauling and screening gravel taken from the other pit and dumping it upon plaintiff's ground. The trial court found and decided against the plaintiff with reference to these matters. However the court allowed plaintiff $50 per year for the use of the premises for hauling gravel from the other pit over the track on plaintiff's land and placing stock piles thereon. Plaintiff did not appeal from any of such holdings and they are not here for review except that it may be said that the rental of two dollars per car for the gravel removed gave the defendant under the terms of the contract the full and absolute possession and use of the premises for graveling purposes and plaintiff was not entitled to any further sum for the use of the premises.

We discover no reason why a new trial should be granted. The cause should be and it is remanded with instructions that judgment be entered in favor of plaintiff in accordance with the foregoing opinion.

Remanded.