STANISLAW KRZYZANIAK v. A. H. MAAS AND ANOTHER.[1]

December 12, 1930.

No. 28,174.

[1]Reported in 233 N. W. 595.

*Harry S. Swensen,* for appellant.

*William A. Anderson* and *Ellsworth, Clinite, Anderson & Dills,* for respondents.

LORING, J.

This is an appeal from an order denying the plaintiff's motion for a new trial. Error is assigned on the court's action in sustaining the defendants' objection to the introduction of any testimony under the pleadings and dismissing the action with prejudice.

Plaintiff sets up in his complaint that he and his brother were the owners of certain land in Marshall county, Minnesota, under a contract for deed in which they had an equity which they claim was worth about $11,000 at the time here under consideration. In December of 1921 they agreed orally with the defendant A. H. Maas to exchange this equity for an equity which the defendants had in an apartment house in Minneapolis known as the Turnblad property. The plaintiff's equity in the Marshall county property was subject to a balance due on the contract and a ditch lien, aggregating $8,814, and it was represented to the plaintiff that the Minneapolis property was subject to a mortgage of $12,500.

The plaintiff and his brother were Poles, unfamiliar with the English language. The transaction was largely carried on by the

defendants through one John Derus, a Polish interpreter. It is alleged in the complaint that the defendants, through Derus, made various false representations regarding the value of the Turnblad property, but the principal ground of complaint is that when the contract was reduced to writing it contained a provision which plaintiff and his brother had never agreed to, that in addition to the equity in the Marshall county property the plaintiff and his brother were to pay the defendants the additional sum of $10,500 over and above the mortgage on the Turnblad property. Plaintiff alleges that Derus read the contract to them, but that in doing so he read it as if it were an even exchange of equities and said nothing about the payment of this $10,500. Misled in this way, the plaintiff and his brother signed the contract never intending to agree to pay this additional $10,500. It was further agreed between the parties that for the first year after the making of the contract the plaintiff and his brother were to farm the land in Marshall county for the defendants and the defendants were to look after the Turnblad property, collect the rents, and attend to the management. It is claimed that plaintiff and his brother have never had possession of the Turnblad property and that defendants have appropriated the rentals therefrom. The first mortgage thereon has been foreclosed and the title to that property has passed to the defendant Emma Maas, and the title to the Marshall county property has also passed out of the defendants.

In the complaint it is alleged that the plaintiff and his brother relied upon the defendants' representations in regard to the property and those of their agent Derus in regard to the contract and that they were deceived thereby. Plaintiff also alleges that they did not discover the fraud which had been perpetrated upon them until April, 1923, and that upon making such discovery they asked the defendants to cancel the contract, to keep the Minneapolis property, and that they should be made good for what they had parted with. It is alleged that the defendants refused to do this and that the farm in Marshall county was at that time in such a situation that it could not be restored to the plaintiff.

■ It was contended by the defendants in the trial court and it is contended here that because this action was not commenced for something over three years after the discovery of the fraud the plaintiff is guilty of laches and cannot recover. The trial court so held. We are of the opinion however that under the allegations of the complaint evidence of a rescission by act of the plaintiff and his brother immediately upon discovery of the fraud could be introduced. In a situation of this character this court is extremely liberal in construing the allegations of a pleading. Every reasonable intendment will be indulged in favor of the sufficiency of the pleading attacked. The objection should be overruled if the pleading can be sustained under the most liberal construction. 5 Dunnell, Minn. Dig. (2 ed.) § 7687.

■ It is true that the law requires a rescission to be made within a reasonable time after the discovery of the ground for the rescission. There is no need to cite authorities in support of that proposition. But it is also true that if there has been a rescission, the party rescinding is not bound to bring his suit to recover what he has parted with or the value thereof before the expiration of the time within which he would be required to rescind. He may delay but not beyond the statute of limitations.

■ The trial court ordered a dismissal of the action with prejudice. In cases where both parties have not rested we disapprove of this practice. If a dismissal was to be ordered, it should have been without prejudice. We are of the opinion that, liberally construed, the complaint stated a cause of action.

The order appealed from is reversed.