GEORGE MARDORF v. DULUTH-SUPERIOR TRANSIT COMPANY.[1]

June 29, 1934.

No. 30,012.

[1]Reported in 255 N. W. 809.

*G. A. E. Finlayson,* for appellant.

*Courtney & Courtney* and *A. L. Agatin,* for respondent.

*I. M. OLSEN, Justice.*

Defendant appeals from an order of the district court of St. Louis county striking out as irrelevant, redundant, sham, and frivolous certain paragraphs of its answer.

The paragraphs of the answer so stricken out set up as a bar to this action that a former suit on the same cause of action had been brought in the same district court; that it had been removed to the United States district court of this state and had there been duly tried up to the point where plaintiff rested his case; that thereupon defendant moved the federal court to dismiss the action upon the ground that "plaintiff has failed by the evidence to establish any cause of action against this defendant, plaintiff having failed to produce any evidence showing actionable negligence on the part of the defendant; that if there was any negligence on the part of the motorman, there was equal negligence on the part of the plaintiff himself, which contributed to cause whatever damages he sustained as a result of the alleged negligence, and on the further ground that the plaintiff has failed to establish the ground of negli-

gence which is set forth in the complaint and upon the pleadings herein, plaintiff has failed to establish any cause of action against this defendant." The motion was granted. Judgment of dismissal was thereupon entered in federal court.

■ On the hearing of the motion in the state district court to strike out these paragraphs of the answer in the present suit there was included in the motion papers a copy of the judgment of dismissal in the federal court, not disputed, reading as follows:

"The above entitled cause coming on for further trial this day before the court and jury, the parties appearing by their respective counsel as on the preceding day, the jury being called and all are present, the following proceedings are had.

"George Mardorf is further examined and testifies as a witness in his own behalf.

"And here the plaintiff rests.

"Attorney for defendant here moves for a dismissal of the action, and after hearing the arguments and statements of counsel for and against said motion, said motion is by the court granted, and the jury is discharged.

"Whereupon, it is, by the court

"CONSIDERED AND ADJUDGED: That the above entitled cause be and the same hereby is dismissed."

This judgment does not purport to be a judgment on the merits. Nor does the order therein recited purport to be an order dismissing the case on the merits. At the time of moving for a dismissal, plaintiff had rested, but defendant had not rested. The trial was not ended. Neither party had submitted the case to the court for decision. Defendant did not in terms move the court for a dismissal or determination of the case on the merits. Had the defendant rested and submitted the case for decision by moving for a directed verdict or a dismissal on the merits, the plaintiff would then have been advised of the finality of the order requested and could have asked the court for leave to reopen his case, for further time to produce additional evidence, or for permission to dismiss without prejudice. He might not seriously object to a mere dismissal on motion of defendant.

In Andrews v. School District No. 4, 35 Minn. 70, 27 N. W. 303, 304, in a former suit on the same cause of action, the plaintiffs submitted their evidence. Defendant then moved for judgment in its favor upon the pleadings and evidence before the court. The motion was granted and judgment so ordered. This court said [35 Minn. 71]:

"The decision of this motion necessarily determined the question as to the sufficiency of the plaintiffs' evidence 'to substantiate their claim or right to recover'; hence the only judgment that the court could properly order at that stage of the case was a judgment of dismissal. * * * A dismissal before final submission is not a bar to a subsequent action, and no finding or verdict is required in such case. * * * Before final submission, therefore, the court may take a case from the jury, and dispose of it upon the evidence without a verdict, which would properly be a dismissal; and so, after submission, it may order a verdict, which would be a disposition upon the merits. * * *

"Taking the case from the jury as alleged was not a disposition of the case upon the merits. * * * The record [in the prior suit], however, cannot be contradicted or impeached collaterally, though it be erroneous. * * * In such cases the aggrieved party must seek his remedy by appeal, or in proper cases by motion, in the same action."

The established law in this state appears to be that a dismissal of a case at the close of the plaintiff's evidence, where defendant has not rested and there has been no final submission of the case to the court for decision on the merits, is not a bar to a subsequent suit on the same cause of action. Craver v. Christian, 34 Minn. 397, 26 N. W. 8; Conrad v. Bauldwin, 44 Minn. 406, 46 N. W. 850; McCune v. Eaton, 77 Minn. 404, 80 N. W. 355; Cartwright v. Hall, 88 Minn. 349, 93 N. W. 117; County of Morrison v. Lejouburg, 124 Minn. 495, 145 N. W. 380; Lower v. Froelich, 151 Minn. 552, 185 N. W. 940; Fox v. Fox, 154 Minn. 169, 191 N. W. 420; Fifield v. Biesanz, 167 Minn. 399, 209 N. W. 259.

The federal courts have passed upon the effect of a dismissal at the close of plaintiff's evidence, under the Minnesota statute, in

several cases. In U. S. Farm Land Co. v. Jameson, 246 F. 592, 593, the circuit court of appeals, speaking by Judge Walter H. Sanborn, considered the question very fully. The court said:

"According to the statutes of Minnesota and the rules of practice and proceeding in actions at law in the courts of that state, which prevail in such actions in the federal court below under the act of conformity (Revised Statutes, § 914 [3 U. S. Comp. Stat. 1916, § 1537]), the settled rule is that a judgment of dismissal on the motion of the defendant at the close of the plaintiff's evidence, against the latter's objection or protest, does not constitute a bar to another action by the plaintiff against the same defendant for the same cause, although a judgment of dismissal on a verdict for the defendant, directed by the court on the motion of the defendant made at the proper time, constitutes such a bar. General Statutes of Minnesota 1913, § 7825.  *  *  *

"At the close of Mr. Jameson's evidence in the first action, therefore, the Land Company had the option to move, at the proper time, for a directed verdict and the consequent bar of a second action for the same cause, or for a dismissal and the consequent judgment thereon that would not constitute such a bar. It moved for a dismissal on the merits. If that motion was not the equivalent of a motion for a directed verdict at the proper time, the Land Company then elected to take a judgment that would not be a bar to a second action for the same cause. If, as is now asserted, that motion was the equivalent of a motion for a directed verdict, it imposed upon the trial court the duty to decide whether a judgment that should constitute a bar, or a judgment which should not constitute a bar, to another action, should be rendered upon the motion, and it decided, and entered neither a judgment on a directed verdict nor a judgment of dismissal on the merits, but its order was simply 'that this action be and the same is hereby dismissed.' "

The motion in that case was for a dismissal on the merits, but the order and judgment were simply that the action "be and the same is hereby dismissed," the same as in the present case.

In the prior case of Lindvall v. Woods (C. C.) 47 F. 195, 197, the court said, in part, in reference to such a dismissal:

"It simply says that 'on the evidence on behalf of plaintiff, which we now have before us, we cannot allow plaintiff to take the opinion of the jury on his case.' "

The court further held that plaintiff could have taken a dismissal on his own motion and that he was in no worse position when the court dismissed on defendant's motion; that defendant did not rest his case and ask the court to pass upon the merits of it or adjudicate on the claims of the parties.

In Board of Commrs. v. Home Savings Bank (C. C. A.) 200 F. 28, the court holds that a compulsory nonsuit, such as here in question, is not a bar to a second action for the same cause, but that a directed verdict is.

Defendant cites and relies upon McElroy v. Board of Education, 184 Minn. 357, 358, 238 N. W. 681, 682. In that case the judgment recited the fact of trial and that defendant had moved that the case "be dismissed on the merits." The judgment then provided: "That the above entitled action be and the same is hereby dismissed on the merits." It also there appeared that defendant had rested for the purpose of making the motion.

In Calhoun B. H. Co. v. Minneapolis B. S. Co. 190 Minn. 576, 252 N. W. 442, while there was no formal resting of the parties, the court sustained an objection to further evidence on the part of the plaintiff. Plaintiff made no further offer of any evidence, and the court thereupon, on the pleadings and evidence, made findings of fact and conclusions of law in favor of defendant. The decision holds that the trial court was justified in concluding that plaintiff had rested and that the case had been submitted for decision on the merits, and the decision was not a dismissal but a decision on the merits. The practice followed in the case is well characterized as creating [190 Minn. 577] "some confusion." See also Krzyzaniak v. Maas, 182 Minn. 83, 233 N. W. 595.

The practice of moving for a dismissal or decision at the close of plaintiff's case, without both parties resting and submitting the case for decision on the merits, results in confusion and unnecessary further litigation. The rule should be that there can be no dis-

missal or decision on the merits until both parties have rested and submitted the case for decision. Any other disposition of the case at that stage of the trial should result only in a dismissal under 2 Mason Minn. St. 1927, § 9322(3).

■ Defendant seeks to avoid application of the general rule because there was included as one of the grounds of the motion to dismiss the statement "that if there was any negligence on the part of the motorman, there was equal negligence on the part of the plaintiff himself," in other words, contributory negligence. We cannot hold that the inclusion of this ground of motion had any effect on the dismissal. The motion to dismiss presented the one question of whether plaintiff had made out a *prima facie* case for recovery; whether, on the evidence as it then stood, a verdict or recovery by plaintiff could be sustained. It matters not whether the failure of plaintiff to make out a case to go to the jury was because of failure to prove actionable negligence or because contributory negligence was shown by plaintiff's own evidence. In either case there would be failure by plaintiff "to substantiate or establish his cause of action or right to recover" so as to call for a dismissal of the action by the court without a final determination of the merits under 2 Mason Minn. St. 1927, § 9322(3).

In cases of uncertainty or indefiniteness in an order or decision the record may be examined to ascertain what was in fact decided. We find no uncertainty in the order or judgment here in question. Nor is there anything in any record of the federal court presented here which creates any doubt or uncertainty as to the meaning and effect of the order and judgment dismissing the former suit.

■ A defendant who, at the close of plaintiff's evidence, wishes to obtain a dismissal or decision by the court barring plaintiff from bringing a second suit on the same cause of action must first rest and submit the case for decision on the merits and move either for a directed verdict in his favor or for a dismissal on the merits. Such, we believe, is the law of this state and the correct practice. If a motion to direct a verdict or to dismiss on the merits is denied, the defendant may then proceed to introduce his evidence and go forward with the case if he so desires. The trial court will

permit him to withdraw his rest and proceed. Except under unusual circumstances, it would be an abuse of discretion for the court not to do so.

Plaintiff raises the question of lack of jurisdiction of the federal court to entertain or try the former suit, citing Gay v. Ruff, 292 U. S. 25, 54 S. Ct. 608, 78 L. ed. 1099. On the record here presented, lack of jurisdiction of that court is not shown. In any event, it is not necessary for us to pass upon that question.

The order appealed from is affirmed.